## MAGON et al. v. UNITED STATES.

### (Circuit Court of Appeals, Ninth Circuit. October 6, 1919.)

### No. 3318.

1. INDICTMENT AND INFORMATION ⊂⊃129(1)—JOINDER OF COUNTS RELATING TO SAME TRANSACTION.

Counts charging publishing an article in a foreign language tending to cause insubordination and refusal of duty in the military forces, and to discourage enlistments, and also containing anarchistic propaganda, of sending such article through the mails without first filing an English translation thereof with the postmaster, and of conspiracy to commit such offenses, *held* properly joined in the same indictment, under Rev. St. § 1024 (Comp. St. § 1690), providing for the joinder of counts relating to same transaction.

2. INDICTMENT AND INFORMATION ⊂⊃125(5½)—FOR CONSPIRACY NOT DUPLICITOUS.

A count in an indictment for conspiracy is not duplicitous, because the conspiracy charged is to violate several separate and distinct statutory provisions.

3. CRIMINAL LAW ⊂⊃371(1)—EVIDENCE OF OTHER OFFENSES ADMISSIBLE TO SHOW INTENT.

In a prosecution for unlawfully using the mails for circulating seditious and anarchistic matter, and for conspiracy to commit such offenses, speeches and other publications of defendants, unquestionably seditious and anarchistic, *held* admissible on the question of intent.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Criminal prosecution by the United States against Ricardo Flores Magon and Librado Rivera. Judgment of conviction, and defendants bring error. Affirmed.

The indictment under which the plaintiffs in error were convicted in the court below contained six counts, to the second of which a demurrer was sustained, and it is here contended by their counsel that none of the others stated any criminal offense against either of the defendants thereto.

In substance, the first count charges that the defendants, on or about March 1, 1918, at the city of Los Angeles, did willfully, unlawfully, and feloniously conspire together to write and cause to be written and published an article containing false reports and false statements which would tend to interfere with the operation and success of the military and naval forces of the United States, promote the success of its enemies, cause and attempt to cause insubordination, disloyalty, mutiny, and refusal of duty in the military and naval forces of the United States, and obstruct the recruiting and enlisting services of the United States, all contrary to certain specified provisions of the laws of the United States, which article would be printed, published, and circulated in the Spanish language, without first filing an English translation thereof with the postmaster of the city of Los Angeles, and which article they would publish and cause to be published in the newspaper called "Regeneracion," and which article so published they would deposit and cause to be deposited in the post office establishment of the United States for mailing and delivery, and which article the defendants intended should contain indecent matter and language; that in pursuance of the said conspiracy the said defendants did, on or about March 16, 1918, publish and cause to be published in said newspaper "Regeneracion" a certain manifesto signed by themselves, specifically set out in the first count in Spanish, with an English translation thereof,

which manifesto was addressed to the members of the "Mexican Liberal Party," and "the anarchists of the whole world and the working men in general," the substance of which manifesto was and is strongly anarchistic, and was and is in violation of the provisions of the acts of Congress known as the Espionage Act (Act June 15, 1917, c. 30, tit. 1, 40 Stat. 217 [Comp. St. §§ 10212a–10212h]), the Trading with the Enemy Act (Act Oct. 6, 1917, c. 106, 40 Stat. 411 [Comp. St. §§ 3115½a–3115½j]), and section 211 of the Penal Code as amended (Act March 4, 1909, c. 321, 35 Stat. 1129, as amended [Comp. St. § 10381]).

The third count charged that the defendants on March 16, 1918, at the city of Los Angeles, when the United States was at war, did knowingly, unlawfully, and feloniously cause and attempt to cause insubordination, disloyalty, mutiny, and refusal of duty in the military and naval forces of the United States by then and there publishing and causing to be published in the paper there printed and published known as "Regeneracion" the article set out in the first count of the indictment, which article, by such reference, was made a part of the third count.

The fourth count charged that the defendants on the same day and at the same place did knowingly, unlawfully, and feloniously use and attempt to use the United States mails for the transmission of the said nonmailable matter by then and there depositing and causing to be deposited in the post office at Los Angeles, for delivery, the said newspaper "Regeneracion," addressed to "Luz Esparza Staples, Guadalupe Co., Tex.," which paper contained the article set out in the first count, and was by such reference made a part of the fourth, with the further averment that it contained matter urging treason, insurrection, and forcible resistance to the laws of the United States.

The fifth count made similar charges against the defendants, with the additional averment that the said newspaper "Regeneracion" contained "an editorial respecting the government of the United States, the present war, the policy of the United States, and the state and conduct of the war," and was printed, published, and circulated in the Spanish language "without first having filed with the postmaster at Los Angeles, California, in the form of an affidavit, a true and correct and complete translation of the entire article aforesaid."

The sixth and last count charged that the defendants at the time and place already stated did willfully, unlawfully, and feloniously deposit and cause to be deposited in the post office the said newspaper "Regeneracion," addressed to "Mrs. S. E. Raybon, 1107 Tampa St., Tampa Fla.," which paper contained certain indecent substance and language and which said newspaper was a publication of an indecent character, tending to incite in the minds of persons reading the same murder and assassination, and which said substance and language was so printed and published in said "Regeneracion" in the Spanish language, and is, with a true and correct translation thereof, set out in the first count, and, by reference, made a part of the sixth.

J. H. Ryckman, Chaim Shapiro, and S. G. Pandit, all of Los Angeles, Cal., for plaintiffs in error.

Robert O'Connor, U. S. Atty., and W. F. Palmer, Asst. U. S. Atty., both of Los Angeles, Cal.

ROSS, Circuit Judge (after stating the facts as above). [1] It is clear that all of the acts charged against the defendants were connected together and concerned the same transactions, and were therefore of the same class of offenses. In such circumstances it is expressly declared by statute that they may be included in the same indictment, the statute being:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which

may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated." Rev. St. § 1024 (Comp. St. § 1690).

See Blitz v. United States, 153 U. S. 308, 14 Sup. Ct. 924, 38 L. Ed. 725; Crain v. United States, 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097; Glass v. United States, 222 Fed. 773, 138 C. C. A. 321; Sidebotham v. United States, 253 Fed. 417, 165 C. C. A. 159.

[2] It is contended for the plaintiffs in error that none of the facts alleged in counts 1, 3, 4, 5, and 6, constitute an offense against the United States, and complaint is also made of "the duplicitous character of the indictment." We see nothing duplicitous about it. The fact that the first count alleges a conspiracy to violate three separate and specific provisions of the federal statutes in no respect makes it duplicitous. There is but the one crime charged in that count, namely, conspiracy; the number of its objects is wholly immaterial. Frohwerk v. United States, 249 U. S. 204, 39 Sup. Ct. 249, 63 L. Ed. 561, decided March 10, 1919, and cases there cited; and see the numerous cases cited in Jelke v. United States, 255 Fed. on page 275, —— C. C. A. ——. In each of the other counts in question the charge is the unlawful depositing in the post office establishment of the government of copies of the nonmailable matter specifically set out in the first count.

[3] It is assigned as error that the trial court admitted in evidence, over the objections of the defendants, a speech made by the defendant Magon March 27, 1917, and published in his paper "Regeneracion" July 28, 1917, and in the like admission, over like objections, of a letter from one Emma Goldman, of date February 6, 1918, and likewise published March 6, 1918. The speech of the plaintiff in error Magon was delivered at a meeting in the city of Los Angeles organized by the "International Workers' Defense League in Defense of Comrades Raul Palma and Ogilon Luna," who, it appears from the speech, were arrested by some members of the police of the city for views spoken by them "to the workers congregated at the Plaza."

In the speech of Magon, which was admitted in evidence, he not only admitted that he is an anarchist, but boasted that "the words of the anarchists are words of truth and justice"; that they—

"hurt all of those who live from the labor of others; our words hurt the parasites, the useless and noxious beings who suck the blood of the people; the clergyman, the bourgeois, and the ruler; these are the ones who are injured by our words. So much the worse for them, so much the better for us! That the country is at war, and that is why we cannot talk. Bully reason this!"

In a very recent case, Mead v. United States, 257 Fed. 639, 642, —— C. C. A. ——, we had occasion to say that free speech in times of war is by no means the same thing as free speech in times of peace, and in a late case the Supreme Court held precisely the same thing in effect. In the same speech of the plaintiff in error Magon, which it is claimed was erroneously admitted in evidence, he further said, among other things:

"We, the anarchists, cannot shut up; we shall not shut up. So long as injustice reigns, our voice shall be heard. * * * Go on, you haughty

overlords, swallow your order, for we, the anarchists, are not disposed to obey it; we cannot shut up, we will not shut up, and we shall speak, cost what it may. * * * Above your caprice is our right, right which we do not owe to you, but to nature, which has endowed us with a mind to think, and in the defense of a right, understand it well, we are ready for anything, and to face it all, be it the dungeon or the gallows. Don't forget that right, no matter how much you may mutilate it, no matter how much you may crush it, no matter how much you may try to annihilate it, when it is persecuted the most, and when you are proudest of your triumph, it roars its vengeance in dynamite belches lead from the barricade."

The Goldman letter, written while the writer of it was imprisoned, published in the "Regeneracion" by Magon and circulated by the other plaintiff in error, was in advocacy of the same general principles, and urged her "Dear Faithful Friends" to whom it was addressed, among other things, to spread her "Bolsheviki pamphlet in tribute to their great courage and marvelous vision and for the enlightenment of the American people," and concluded with these words:

"Good-bye, dear friends, but not for long—if the spirit of the Bolsheviki prevails. Long live the Bolsheviki! May their flames spread over the world and redeem humanity from its bondage!"

We think it does not admit of doubt that both the speech and the letter were properly admitted in evidence, as bearing on the intent with which the plaintiff in error Magon published and the other plaintiff in error aided him in depositing the publication in the mail.

The judgment is affirmed.