## ROSSI v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 9, 1922.)

No. 3710.

1. **Conspiracy ⬅33—War savings certificates, with stamps attached, are "obligations of the United States."**

   War savings certificates, with stamps attached, are "obligations of the United States," so as to support an indictment for conspiracy to defraud the United States and alter obligations of the United States.

   [Ed. Note.—For other definitions, see Words and Phrases, Second Series, Obligation of United States.]

2. **Indictment and information ⬅125(5½)—Indictment for conspiracy to defraud the United States and alter war saving certificates and stamps not duplicitous.**

   An indictment charging a conspiracy to defraud the United States and to alter war savings certificates and stamps, by removing the stamps from the certificates and erasing registration or identification marks, was not duplicitous, as charging a conspiracy to defraud the United States and violate several sections of the Penal Code.

3. **Criminal law ⬅1031(4)—No objection lies after judgment for failure to arraign or enter plea.**

   The mere failure to arraign defendant or enter a plea after a demurrer to the indictment was overruled deprived him of no substantial right, where the trial was otherwise fair, and an objection thereto will not be entertained after judgment.

4. **Criminal law ⬅1053—Court's remark held not ground for reversal, as reflection on defendants or their witness, where no exception was taken.**

   Where a witness for defendants stated that he had asked to be placed on the stand, in order that he might get the truth before the court and his friends, the court's question, "Who is your friend?" and his further remark, after the witness had answered that he had friends all over the Coast, that "I thought you meant Rossi [defendant]," was not ground for reversal, where the court's attention was not directed thereto at the time, and no exception was reserved; the remark not being intended or capable of being understood as a reflection on defendants or the witness.

5. **Conspiracy ⬅45—Criminal law ⬅1169(1)—United States ⬅91½, New, vol. 13A Key-No. Series—Testimony as to mode of registering war savings stamps immaterial, in prosecution for alteration of stamps, and admission harmless.**

   The fraudulent alteration of war savings certificates and stamps was an offense, whether the stamps were registered or unregistered; and hence, in a prosecution for conspiracy, evidence as to the mode of registering such stamps, objected to on the ground that the indictment did not show that the stamps were registered, was immaterial, and its admission could not have been prejudicial, especially as the court might perhaps take judicial notice of the matter.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Criminal law ⬅409—Striking out testimony of statements or admissions, on subsequent showing of promises of immunity, held sufficient.**

Where the preliminary examination of a special agent of the Department of Justice showed that accused was fully apprised of his rights, and that any statement or admissions made by him might be used against him, and no proof had been offered or received that defendant's statements to the witness were induced by promises of immunity theretofore extended by other officers of the government, the testimony was properly admitted, and the court did all that was required by subsequently striking it out, and instructing the jury to disregard it, when it was shown that the statements were induced by promises of immunity by other officers.

**7. Criminal law ⬅532(1)—Voluntary character of confession is question for court before admission.**

The voluntary or involuntary character of a confession is a question of law, to be determined by the court from the facts, as a condition precedent to the admission of the confession.

**8. Criminal law ⬅531(4)—Evidence to show improper influence to induce confession should be offered and received before confession admitted.**

Ordinarily the testimony of the defendant, to show improper influence inducing a confession, should be offered and received before the confession is admitted.

**9. Criminal law ⬅696(5)—Motion to strike defendant's testimony given before grand jury properly denied, when evidence not objected to as involuntary.**

Where no objection was made to the testimony of the foreman of the grand jury concerning evidence given before the grand jury by the appealing defendant, on the ground that it was induced by promises of immunity, and, on the contrary, counsel for defendants asked the court to caution the jury that it could not be considered against the other defendants, there was no error in denying a motion subsequently made to strike out the testimony, or in charging that it was competent and pertinent.

**10. Criminal law ⬅814(16)—Instruction hypothesizing giving of testimony before grand jury because of promises held not necessary.**

If defendant appeared before the grand jury voluntarily and of his own accord, there was no foundation for a requested instruction that, if his evidence was inspired by assurances made by officers of the government, it was inadmissible and should be disregarded.

**11. Larceny ⬅64(6)—Inference from possession of recently stolen property only arises when possession unexplained.**

The inference that recently stolen property was stolen by the person in whose possession it is found only arises where such possession is unexplained.

**12. Criminal law ⬅1038(3), 1043(2)—Error could not be predicated on instruction on incidental matter without specific objection or request for modification.**

Where defendant was not charged with having possession of stolen war savings stamps or of conspiracy with others to' that end, but with conspiracy to defraud the United States and to alter war savings certificates and stamps, and an instruction concerning the inferences arising from possession of the stolen stamps related to a mere incident of the trial, error could not be predicated thereon, in the absence of any specific objection or request for modification.

**13. Conspiracy ⬅38—Receiving stolen goods ⬅2—Not offense against United States, unless stolen stamps were its property.**

The possession of stolen war savings stamps, or a conspiracy to have such possession, is not an offense against the United States, unless the stamps are the property of the government.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

14. **Criminal law ⊂⇒1174(1)—Court's answers to questions propounded by jury, which were immaterial, not prejudicial.**

On a trial for conspiracy to defraud the United States and to alter war savings certificates and stamps, the court's answers to questions propounded by the jury as to whether removal of a stamp from an unregistered certificate would make it an altered stamp, and whether defendants could be found guilty, if they did not know the stamps were altered registered stamps, *held* not prejudicial, in view of the fact that the distinction between registered and unregistered stamps was immaterial.

15. **Criminal law ⊂⇒910—New trial as to one of accused's codefendants did not entitle him to new trial.**

Where an indictment charged a conspiracy between defendant and several others named, and others unknown, the grant of a new trial to one of accused's codefendants did not entitle him to a new trial.

16. **Criminal law ⊂⇒1041, 1124(3)—Whether new trial should be granted because of grant to codefendant not reviewable, when not raised below, and all the evidence not before the court.**

The question whether the court should have granted a new trial to one accused of conspiracy, because of the grant of a new trial to one of his codefendants, is not before the court, where no such question was raised below, and the bill of exceptions does not contain all the evidence.

17. **Criminal law ⊂⇒925½(4)—Motion for new trial because of newspaper comments addressed to court's discretion.**

A motion for a new trial because of alleged prejudicial newspaper comments during the trial was addressed to the sound discretion of the trial court.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Angelo H. Rossi was convicted of conspiracy to defraud the United States, etc., and he brings error. Affirmed.

See, also, 268 Fed. 620.

The indictment in this case charges a conspiracy to defraud the United States, and to alter certain obligations of the United States, to wit, United States War Savings Certificates and United States War Savings Certificate Stamps, by removing the stamps from the certificates and erasing from the face of the stamps certain registration or identification marks. The defendant Rossi interposed a demurrer to the indictment on the ground that it failed to charge facts sufficient to constitute an offense against the United States and on the ground of duplicity. The demurrer was overruled, and this ruling forms the basis of one of the principal assignments of error. After the demurrer was overruled, the defendant was placed upon trial without a formal plea. This, also, is assigned as error. Upon the trial one of the witnesses for the defense stated that he had asked the attorney for the defendant to place him on the witness stand, thus giving him an opportunity to explain away some newspaper notoriety, and to get the truth before the court and his friends. The following proceedings were then had:

The attorney for the defendant asked: "Q. This was a personal request of me as a friend of yours? A. Yes, absolutely. The Court: Q. Who is your friend? A. Well, I have friends all over the Coast, your honor. The Court: Q. I thought you meant Rossi."

It is now claimed that this remark or comment of the court was highly prejudicial to the defendant, although no objection was made or exception reserved at the time. Again the court admitted, over objection, the testimony of a post office employee to explain the mode of registering War Savings Certificate Stamps. This ruling is assigned as error. The court further admitted testimony as to admissions, or statements, made by Rossi to a special agent of the Department of Justice and before the grand jury. Later the

court struck the testimony of the special agent of the Department of Justice from the record and instructed the jury to disregard it. After striking this testimony and directing the jury to disregard it, the court charged the jury as follows:

"I instruct you, however, that the statement made by Rossi in giving evidence (before the grand jury) is not to be so disregarded by you. There is evidence tending to show that Rossi appeared before the grand jury voluntarily, and of his own accord, and, although warned that whatever statement he might make would be used in evidence against him, he, notwithstanding, gave such evidence without insisting upon his immunity. The evidence, therefore, of Mr. Young, the foreman of the grand jury, was competent and pertinent to prove the admissions of Rossi with reference to the stamp transactions, and you are to regard these admissions for whatever tendency they may have, if any, to show Rossi's connection with the alleged conspiracy."

This charge is assigned as error as well as the refusal of the court to charge as follows:

"If you believe that the confession made by Mr. Rossi to Mr. Young, foreman of the grand jury, was traceable to the hope inspired by the assurances made by Mr. Walters and Mr. Glover in the first instance, and that Mr. Rossi at the time was relying upon such assurances when he made the confession to Mr. Young, then such confession is inadmissible and you should disregard it. It is not material whether Mr. Young knew that Mr. Glover had inspired the hope in the mind of Mr. Rossi, provided there was causal connection between the hope aroused and the confession. The fact that the confession was not made to the officer arousing that hope is immaterial. When an improper influence has been exercised, it becomes the duty of the government to show that it has been removed before this subsequent confession can be held admissible."

Again the court charged the jury as follows:

"You will inquire whether the stamps were stolen, and, if so, whether by either of the defendants. And in this relation I may say to you that the possession of recently stolen property affords a strong inference that the property was stolen by the person having it in his possession."

After retirement the jury returned into court and propounded certain questions to the court, whereupon the following took place:

"Now, gentlemen of the jury, the first question that you propound is the following: Does a stamp, simply by being removed from a certificate, said certificate not being registered, become an altered stamp? To that I answer: That if the certificate has a stamp attached, and the name of the party written upon the certificate, and the stamp thereafter has been removed with intent to defraud, then the defendant would be guilty, whether the certificate or stamp was registered or not.

"The next question you ask is this: If defendants thought at the time that they were handling stolen stamps, but did not know they were altered registered stamps, could we find them guilty on this indictment? My answer to that is: That if the defendants were handling these stamps, knowing them to be stolen, and they handled them with intent to defraud the United States, then they would be within the purpose of this indictment."

Error is also assigned to the refusal of the court to grant a new trial because of certain prejudicial newspaper comments during the trial, and because this court has heretofore granted a new trial as to Peterson a codefendant. Peterson v. United States (C. C. A.) 274 Fed. 929. To review the judgment on a verdict of guilty, the present writ of error has been sued out by the defendant Rossi.

Barnett H. Goldstein, of Portland, Or., for plaintiff in error.

Lester W. Humphreys, U. S. Atty., and John C. Veatch, Asst. U. S. Atty., both of Portland, Or.

Before GILBERT and HUNT, Circuit Judges, and RUDKIN, District Judge.

RUDKIN, District Judge (after stating the facts as above). [1] The argument in support of the demurrer for want of sufficient facts is based on the false or erroneous assumption that War Savings Certificates with stamps attached are not obligations of the United States. United States v. Sacks, 257 U. S. ——, 42 Sup. Ct. 38, 66 L. Ed. ——, decided by the Supreme Court November 7, 1921.

[2] The claim of duplicity is based on the ground that the indictment charges a conspiracy to defraud the United States and to violate several sections of the Penal Code of the United States. This question has likewise been answered adversely to the plaintiff in error by the Supreme Court and by this court. Frohwerk v. U. S., 249 U. S. 204, 39 Sup. Ct. 249, 63 L. Ed. 561; Magon v. U. S., 260 Fed. 811, 171 C. C. A. 537; Anderson v. U. S. (C. C. A.) 269 Fed. 65.

[3, 4] The mere failure to arraign or enter a plea, under the circumstances disclosed by this record, deprives the accused of no substantial right, where the trial is otherwise fair, and such an objection will not be entertained after judgment. Garland v. State of Washington, 232 U. S. 642, 34 Sup. Ct. 456, 58 L. Ed. 772. The remark of the trial court was manifestly not intended as a reflection upon either the witness or the defendants on trial, and could not be so considered by the jury. The attention of the court was not directed to the remark at the time, no opportunity to correct or explain was given, no exception was reserved, and the incident calls for no further comment.

[5] Testimony as to the mode of registering War Savings Stamps related to a matter of which the court would perhaps take judicial notice, as the mode is either prescribed by law or by regulations of one of the departments, but in any event the testimony was wholly immaterial, and the ruling of the court could not be prejudicial. The objection was urged to the testimony on the ground that the indictment failed to charge that the stamps had been registered, but for reasons already stated the fraudulent alteration was an offense, whether the stamps were registered or unregistered.

[6-8] When the special agent of the Department of Justice was called as a witness, an objection was interposed to his testimony on the ground that the admissions or statements to which he was expected to testify were not voluntarily made by the accused, but were induced by promises of immunity theretofore extended by other officers of the government. No proof of any such promises had been offered or received up to that time, and inasmuch as it clearly appeared from the preliminary examination of the witness that the accused had been fully apprised of his rights and that any statement or admissions made by him might be used against him on the trial, the testimony was properly admitted in the first instance. It appeared later, however, from testimony offered by the defense, that in fact promises of immunity had previously been made by other officers, and the court thereupon struck the testimony from the record and instructed the jury to disregard it. This was the utmost the court could have done under the circumstances. The voluntary or involuntary character of a confession is a question of law, to be determined by the court from the facts, as a condition precedent to the admission of the confession, and or-

dinarily the testimony of the defendant to show improper influence should be offered and received before the confession is admitted. Wharton's Criminal Evidence (10th Ed.) §§ 689, 689a. But, where that course is not followed, a direction to disregard the testimony is the only relief the court can grant or the parties can claim.

[9] A different situation arises as to the testimony of the foreman of the grand jury. No such objection was interposed to his testimony. Indeed, the defense seems to have acquiesced in its admission from the following statement of counsel when the witness was called:

"At this time, if the court please, I think it is only fitting and proper that the jury be warned and cautioned that, so far as statements of Mr. Rossi are concerned, while they may be admissible as against him, in view of the fact that the conspiracy has long since ended, therefore any statements that Mr. Rossi made to him cannot in any event be considered binding upon any other defendant in this case, or cannot be considered in any event as proof of a conspiracy, being a declaration of a past event. There should not be any confusion or misunderstanding as to the extent and limitation of this particular testimony. I therefore move at this time that the jury be so instructed."

[10] A party cannot acquiesce in the admission of testimony, and claim the benefit of it if in his favor, or move to strike it out if not to his liking. There was, therefore, no error in denying the motion to strike the testimony of the foreman of the grand jury, or in the giving of the instruction on that subject. And if, as stated by the court, Rossi appeared before the grand jury voluntarily and of his own accord, there was no foundation in the record for the instruction requested in his behalf.

[11-14] As an abstract proposition of law, the charge of the court as to the inference arising from possession of property recently stolen is incorrect, because that inference only arises where the possession is unexplained. But the instruction related to a mere incident of the trial, and not to the principal charge. The plaintiff in error was not accused of having the possession of stolen stamps, or of conspiring with others to that end. The possession of stolen stamps, or a conspiracy to have such possession, is not an offense against the United States, unless the stamps are the property of the government. No specific objection was made to the instruction, and no request was made for a modification. Under such circumstances the assignment of error is not well taken. In propounding the two questions to the court, the jury apparently had in mind a distinction that might exist between registered and unregistered stamps. Inasmuch as that distinction is not material, for reasons already stated, the answers of the court were not prejudicial.

[15, 16] The fact that a new trial has been granted to a codefendant cannot avail the plaintiff in error here. Had there been only two parties to the conspiracy charge, a finding that one of them was not a party would necessarily inure to the benefit of the other. But here the indictment charges a conspiracy between Peterson, the plaintiff in error, and four others by name, and still others to the grand jurors unknown. A finding, therefore, that Peterson was not connected with the conspiracy, does not impel a like finding as to the plaintiff in error here. Furthermore, that question is not now before this court.

No such question was raised in the court below, and the bill of exceptions does not contain all of the evidence.

[17] The motion for a new trial based on the newspaper comments was addressed to the sound discretion of the trial court and no abuse of discretion is shown.

We have carefully considered the briefs and arguments, and, finding no error in the record, the judgment is affirmed.