## CORNETT v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 24, 1925.)

No. 6716.

**1. Criminal law ⧆262—Want of formal arraignment held not grounds for reversal of conviction.**

Where defendant, after government had introduced its evidence and rested, moved for directed verdict on ground that he had not been formally arraigned, and was then told to plead and did plead not guilty, *held* want of formal arraignment was not ground for reversal of conviction; waiver being conclusively presumed.

**2. Indictment and information ⧆176—Variance between indictment and proof as to time of unlawful sale held not fatal.**

Where time is not element of offense, proof of commission of crime any time before finding of indictment and within statute of limitations is sufficient, and *held* proof of sale of intoxicating liquor on January 5, 1924, was sufficient to sustain conviction under indictment charging sale on January 5, 1923.

**3. Criminal law ⧆1036(1)—Error cannot be predicated on admission of evidence not objected to.**

Error cannot be predicated on admission of evidence not objected to at time of its introduction.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Henry Cornett was convicted of possessing intoxicating liquor in Indian country, and of unlawful sale of intoxicating liquor to an Indian, and he brings error. Affirmed.

Fred L. Hoyt and Roger L. Stephens, both of Oklahoma City, Okl., for plaintiff in error.

W. A. Maurer, U. S. Atty., and James A. Ingraham, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before SANBORN, LEWIS, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge. Plaintiff in error, hereafter called defendant, was tried and convicted on an indictment containing two counts: First, possession of intoxicating liquor in and upon Indian country, to wit, Osage county, Okl.; second, sale of intoxicating liquor to one Carl Ponca, an Osage Indian, and a ward of the government, in violation of the acts of May 25, 1918 (40 Stat. 563 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137aa]), July 23, 1892 (27 Stat. 260 [Comp. St. § 4136a]), January 30, 1897 (29 Stat. 506 [Comp. St. § 4137]). See, also, 39 Stat. 983 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137a).

[1] After the government had introduced its evidence and rested, the defendant was sworn and testified that he had never been arraigned under the indictment, and thereupon he moved for a directed verdict on the ground that he had not entered any plea to the indictment, and that there was no issue joined in the case. The court asked whether the defendant wished the indictment read, and this was waived. The court then said, "Let the defendant say whether he is guilty or not guilty." The defendant said, "Not guilty." The court thereupon said, "The plea will be entered. Of course, it has been the rule that defendants when arraigned enter a plea of not guilty prior to the trial. However, it has been decided authoritatively that, if nothing is said about the plea, and the case is tried on the theory that the defendant does deny the charge, the formal failure to enter a plea before trial is not material. That will be the case where the defendant has the full benefit of the denial, the same as if he had entered a denial by a formal plea. But now the plea is entered during the trial, and the defendant here will be given any privilege and benefit that he would have had by entering a plea of not guilty before the trial commenced. For these reasons the motion is overruled." This ruling of the court, to which exception was taken, is now assigned as error.

The case of Crain v. United States, 162 U. S. 625, 16 S. Ct. 952, 40 L. Ed. 1097, is cited to the effect that a trial cannot be right-

fully had until the defendant has been formally arraigned and his plea entered. The Crain Case, however, has been criticized and overruled in the case of Garland v. Washington, 232 U. S. 642, 34 S. Ct. 456, 58 L. Ed. 772. In that case Garland was originally charged with an offense by information in the state court of Washington, and was arraigned, tried, and convicted. A new trial was granted. Later, a second information, technically different but for the same offense, was filed against him, under which no arraignment was had and no plea entered. No specific objection was taken before the trial to the want of formal arraignment. He was tried under the second information and convicted, the conviction was affirmed by the Supreme Court of the state, and the case was carried to the Supreme Court of the United States by writ of error.

The court said, quoting approvingly from the dissenting opinion in the Crain Case: "A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until * * * the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court."

The court further said: "Holding this view, notwithstanding our reluctance to overrule former decisions of this court, we now are constrained to hold that the technical enforcement of formal rights in criminal procedure sustained in the Crain Case is no longer required in the prosecution of offenses under present systems of law, and so far as that case is not in accord with the views herein expressed it is necessarily overruled."

See, also, Rulovitch v. United States (C. C. A.) 286 F. 315; Rossi v. United States (C. C. A.) 278 F. 349; Muncy v. United States (C. C. A.) 289 F. 780; Williams v. United States (C. C. A.) 3 F.(2d) 933.

We hold that the present case is ruled by the Garland Case. The fact that the irregularity was brought to notice in the trial court instead of later on in the appellate court, and the further fact that the instant case originated in the federal court instead of in the state court, do not constitute vital differences.

Another assignment of error raises the question whether there was a fatal variance between the indictment, which alleged a sale of intoxicating liquor on the 5th of January, 1923, and the proof, which showed that the sale took place on the 5th of January, 1924.

[2] The general rule is that, where time is not an element of the offense, a variance between the date alleged and the date proved is not material, and that proof of the commission of the crime on any day before the finding of the indictment and within the statute of limitations is sufficient. Ledbetter v. United States, 170 U. S. 606, 612, 18 S. Ct. 774, 42 L. Ed. 1162; Hardy v. United States, 186 U. S. 224, 22 S. Ct. 889, 46 L. Ed. 1137; United States v. Howard (D. C.) 132 F. 325, 335; Harrington v. United States, 267 F. 97 (this court); Flack v. United States, 272 F. 680 (this court); Remus v. United States (C. C. A.) 291 F. 501; Jones v. United States (C. C. A.) 296 F. 632; Feinberg v. United States, 2 F.(2d) 955 (this court). The present case comes within the rule, and furthermore no prejudicial error is shown by the alleged variance. That the defendant was not taken by surprise is proven by the fact that he testified on his own behalf, and several witnesses for him, tending to prove an alibi on the actual date of sale, January 5, 1924.

[3] The remaining assignment of error challenges the introduction of testimony by the government, to the effect that defendant had been in the company of government witnesses on the evening before the trial. There was no objection made to the introduction of this testimony on the trial. Under the rule, the assignment cannot be considered. Savage v. United States (C. C. A.) 270 F. 14; Waddell v. United States (C. C. A.) 283 F. 409; Wild v. United States (C. C. A.) 291 F. 334. There is not such merit in the assignment as to lead us to disregard the rule.

Affirmed.