## MEYERS v. UNITED STATES.
### No. 9049.

Circuit Court of Appeals, Eighth Circuit.
April 29, 1931.

M. A. McGruder and R. A. Higdon, both of Sedalia, Mo., for appellant.

Harry L. Thomas, Asst. U. S. Atty., of Kansas City, Mo. (William L. Vandeventer, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and MUNGER, District Judge.

BOOTH, Circuit Judge.

This is an appeal from a judgment of conviction under an indictment which contained two counts: One for unlawful sale of intoxicating liquor; the other, for maintaining a common nuisance. The jury found the defendant guilty on both counts.

900

In this court, motion is made to dismiss the appeal on the grounds that the appellant's brief does not comply with rule 24 of this court, in that it (1) does not contain a detailed index; (2) does not contain any statement of the case; (3) does not contain a separate statement of each assignment of error intended to be urged.

Inasmuch as the brief is only five pages long, absence of an index may be overlooked.

The brief does contain a statement of the case, consisting of a very few lines. We think the brevity, under the circumstances of the case, should not be penalized.

There is a separate statement of each assignment of error intended to be urged, and although strict compliance with the rule is not observed, yet we think a bona fide intention to comply is disclosed.

The motion to dismiss is accordingly denied.

The first assignment of error is that the court erred in not sustaining a demurrer to the evidence at the close of the case. The only point raised here is that the indictment charged the sale and the nuisance at South Ingram *street* in Sedalia, whereas the proof was that the location was at South Ingram *avenue*. Inasmuch as there is no showing that anyone was misled, we think the variance was not fatal. 31 C. J., p. 840, § 451, et seq.; Day v. United States, 28 F.(2d) 586 (C. C. A. 8); Mathews v. United States, 15 F.(2d) 139 (C. C. A. 8); see Cornett v. United States, 7 F.(2d) 531 (C. C. A. 8).

The remaining assignment of error contains several criticisms of the charge of the court to the jury. It is to be noted, however, that there were no exceptions taken to the charge, covering the criticisms now made, and therefore no assignment of error could be made having an exception as its basis. We have examined the charge, however, and find no substantial merit in the criticisms.

The judgment is affirmed.