### ASH v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.   May 20, 1924.)

#### No. 2216.

**Intoxicating liquors ⬳249—Search of automobile for liquors may be made without warrant.**

Under National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), an officer may, if facts and circumstances patent to him are such as would reasonably lead an officer to believe that law was being violated by unlawful transportation of intoxicating liquors, search an automobile, and seize liquor, and cause arrest of person transporting without a search warrant.

In Error to the District Court of the United States for the Southern District of West Virginia, at Huntington; George W. McClintic, Judge.

Fred Ash was found guilty under information charging unlawful transportation and possession of intoxicating liquor and maintenance of a common nuisance, and brings error.   Reversed in part.

William T. Lovins, of Huntington, W. Va. (Darnall & Lovins, of Huntington, W. Va., on the brief), for plaintiff in error.

Ellis A. Yost, Asst. U. S. Atty., of Huntington, W. Va. (Elliott Northcott, U. S. Atty., of Huntington, W. Va., and B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge.  Upon a general verdict of guilty on an information against the plaintiff in error, containing two counts—the first charging that in the month of May, 1923, he unlawfully transported and possessed intoxicating liquor, the quantity and kind of which was to the United States attorney unknown; and the second that on

the same date, and for a period of time continuously theretofore, at Ceredo, in the county of Wayne, in the Southern district of West Virginia, did own, control, occupy, and maintain a room, house, building, structure, and place where intoxicating liquor was then being manufactured, kept, bartered, and sold in such manner as to constitute a common nuisance, in violation of section 21 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½jj), the court imposed a fine of $500 and imprisoned the plaintiff in error for the period of 12 months in the county jail. From this sentence, and to the action and ruling of the court in the introduction of testimony during the trial, and the giving of certain instructions, the writ of error was sued out.

The facts are comparatively few and simple, and depend on the testimony of two government witnesses; no evidence being introduced in behalf of the plaintiff in error. John Callahan testified that he was a federal prohibition agent, and knew the plaintiff in error, Fred Ash, and that he had information that he was going to bring a load of liquor to Huntington; that witness went to Ceredo in company with Harry Bull to look for it, and upon reaching that place, between 10:30 and 11 o'clock at night, found the road blocked by a freight train; that he left his vehicle, and went across the tracks, where he found several cars waiting to cross the railroad, and among them a Cadillac roadster bearing a Michigan license, in which plaintiff in error was seated; that witness jumped onto the running board as the car began to back, and directed that it be stopped, and he did what he could to stop the car, which appeared to be heavily loaded. Upon its being stopped, the car was searched, to which plaintiff in error made no objection, and in the back of the car, which was unlocked, several sacks were found containing 180 quarts of whisky in bottles. This testimony was substantially corroborated by the other witness, Bull, who had been requested to accompany the prohibition officer. The prohibition officer had no search warrant. The whisky was seized by the prohibition agent, and the plaintiff in error arrested.

Two questions appear necessary to be determined by this court on the record, viz.: (1) Whether the officer was warranted in searching the car for and seizing the liquor; and (2) the sufficiency of the evidence, if admitted, to sustain the verdict and judgment of the court. On the first question, having in view the language of section 26 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), viz.:

"When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law,"

—it is manifest that the words "shall discover" were intended to be given effect to, having regard to the purposes of the act to prevent the transportation of liquors in vehicles, which makes it ordinarily impracticable certainly where automobiles are used in the commission of the offense, because of the character of the vehicle and the manner and

speed at which the same may be operated, to pursue the usual formality of procuring a search warrant, as where the violation is confined to a particular time and place. In cases of this character, if the facts and circumstances then patent to him were such as would reasonably lead an officer to believe that the law was being violated by the unlawful transportation of intoxicating liquors, he is authorized to seize and hold the same, and cause the arrest of the person so transporting. This is the spirit and meaning of the decision of this court rendered at the February term, 1924, in Milam et al. v. United States, 296 Fed. 629, to which, and the authorities therein cited, reference is made, and under that decision the testimony of the officers in this case was properly received.

2. The accused was undoubtedly guilty of the unlawful transportation of intoxicating liquors, and hence the verdict of the jury so holding was correct. The judgment of the court, imposing a fine of $500 upon the verdict for the unlawful possession, is free from error. The verdict of the jury on the second count is clearly wrong, and the same, and the judgment of the court thereon, should be set aside, for the reason that there was no testimony to warrant the conviction of plaintiff in error for the maintenance of a nuisance.

The judgment of the District Court will be reversed, and a new trial awarded, so far as the second count of the information is concerned, and will be affirmed under the first count, imposing a fine of $500 upon the plaintiff in error.

Reversed in part.