## WITHROW et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. September 29, 1924.)

No. 2262.

1. **Criminal law 〜1129(3)—Assignment of error held to present no question for review.**

An assignment of error to the overruling of a demurrer to the information, which does not point out any defect therein, and the grounds for which are not shown to have been made known to the trial court, will not be considered.

2. **Intoxicating liquors 〜236(9)—Evidence of illegal transportation does not establish maintenance of nuisance.**

Evidence of illegal transportation of liquor in an automobile is insufficient to sustain a charge of maintaining a nuisance.

**3. Criminal law ⚖=655(5)—Statement of judge held prejudicial error.**

A statement by the judge, in the presence of the jury, charging defendant's counsel with having made his client swear to a lie, *held* prejudicial error, where the testimony of defendant was in direct conflict with that of a witness for the prosecution.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Criminal prosecution by the United States against Taylor Withrow and Arthur Vinson. Judgment of conviction, and defendants bring error. Reversed.

J. Raymond Gordon, of Charleston, W. Va., for plaintiffs in error.

Ellis A. Yost, Asst. U. S. Atty., of Huntington, W. Va. (Elliott Northcott, U. S. Atty., of Huntington, W. Va., and B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. The defendants, Taylor Withrow and Arthur Vinson, alias Happy Riggs, were convicted on informations charging unlawful possession of intoxicating liquors and maintenance of a nuisance. The evidence on behalf of the government was as follows:

On an afternoon in June, 1923, O. C. Johnson, a motorcycle police officer of Huntington, W. Va., met the defendants and Charles Boyd driving an automobile in the suburbs of Huntington. The officer called to them to stop. In response they increased speed and dashed through the streets of the city. The officer pursued, again ordering them to stop, and firing his gun. They threw a gallon of whisky at him in an attempt to knock him from his motorcycle. The chase continued through the streets until the automobile stuck in a mud hole near the railroad tracks. The officer saw Withrow and Vinson throw something over a fence into a patch of weeds. Vinson and Withrow ran, but Boyd stayed with the car. Johnson arrested all of them, and upon examination found that the sacks thrown over the fence contained several gallons of whisky. The officer had no warrant for the search of the car or the arrest of the defendants. He had no suspicion that the defendants were illegally transporting whisky, and hailed them merely because he wished to talk with them. When

they refused to stop and began to speed, he followed to arrest them.

It was admitted on the trial that both defendants had previously been convicted of violation of the prohibition laws, and certified copies of the record of former convictions in federal court were introduced in evidence. The defendants admitted that they were chased by Officer Johnson, but stated that it was on August 18, 1923, and not in June. They denied having whisky in the car on that occasion, or that they had thrown any at the officer. Withrow said he saw the officer pick something up in the field near where the car had stuck in the mud, but denied any knowledge of the liquor found in the sacks.

The defendants relied on a plea of former jeopardy, admitting that they had been arrested for violation of the prohibition laws, to which they pleaded guilty at the March term, 1923, and were fined $50 each. The informations in those cases contained three counts. The judge imposed a fine on the first count, and continued sentence on the other counts until the September term in this language:

"And the court, not now being advised as to its judgment as to other counts of said information, takes time to consider thereof, and this cause is continued as to other counts until the first day of the next term of this court."

On September 18, 1923, both defendants were brought into court and each sentenced to pay a fine of $500, and serve 12 months in jail on the two counts on which sentence had been postponed. Defendants now contend that the sentence of the court in September, 1923, was a sentence for the same offense for which they were indicted and tried in the instant case. On the issue of former jeopardy the jury found against the defendants.

[1] There was a demurrer to the informations for insufficiency. The record does not disclose that the grounds were made known to the District Judge, nor do the assignments of error point out any defect to this court. Assignment of error in overruling the demurrer is, therefore, without foundation. Hedderly v. United States, 193 Fed. 561, 565, 114 C. C. A. 227; 31 C. J. 817; 14 R. C. L. 201.

An objection to one of the informations, indicated in the argument, is that it alleged no time and place of the commission of the offenses. Had such inadvertent omissions been pointed out, they could have been remedied by amendment. It is evident from

the record that the defendants suffered no prejudice from any defects in the informations.

[2] The evidence was insufficient to sustain the charge of maintaining a nuisance. Riggs v. United States, 299 Fed. 273, and Ash v. United States, 299 Fed. 277, both decided by this court May 20, 1924.

The defense of former jeopardy has not the slightest foundation. The evidence introduced in support of it, and the record of former convictions, proved conclusively that the former pleas of guilty and sentences thereon related to offenses committed at a different time and place.

[3] The following appears in the record as occurring during the cross-examination of the defendant Vinson:

"Q. And later on, at the September term, 1923, the court imposed the sentence which he had suspended at the March term; is not that a fact? A. I could not say about that; what we got at that time.

"Q. Is not that true, what I have asked you?"

The defendants by counsel objected to the foregoing question, which objection the court overruled, and the defendants excepted.

"The Court: You had him swear to a lie, or stuff that you knew was not true, when he swore to it."

"Mr. Gordon: We want that remark made a part of the record, 'you knew was not true.'"

Error is assigned to the statement of the trial judge, in the presence of the jury, that the defendants' counsel had been guilty of the infamy of having his client swear to a falsehood, or what he knew was not true. The generally recognized rule is thus well formulated in note 42 L. R. A. (N. S.) 428:

"It is within the province of the court to rebuke or censure counsel in the presence of the jury for irregularity of practice or misconduct in the case. To warrant a reversal because of the conduct of the trial judge in rebuking or punishing an attorney during the trial, it must appear that the conduct, measured by the facts of the case presented, together with the result of the trial, was clearly prejudicial to the rights of the party."

The plea of former jeopardy and the insistence upon it were enough to strain the patience of any judge, and every possible allowance should be made for the just indignation of the earnest and efficient District Judge at the waste of the time of the court, so precious in view of its crowded dockets. The District Judge, up to the time his patience broke, had treated the fantastic plea of former jeopardy and counsel who presented it with great consideration, but his remarks quoted above went too far. If the facts and circumstances arising during the trial were convincing to the trial judge that the plea was not presented in good faith and that defendant had made a false oath at the instance of counsel, it was his right and duty to take measures of rebuke or punishment not prejudicial to the rights of the defendant. But we cannot escape the conclusion that a statement from the bench in the course of the trial that defendant's counsel had knowingly caused his client to swear to a falsehood was prejudicial to the defendant, in view of the sharp issue of fact on the merits of the case made by the testimony of the officer, Johnson, and the defendants.

Reversed.