## In re WOODWARD.

(District Court, W. D. New York. October 14, 1924.)

Arrest ⊙⟹63(4), 71—Reasonable cause held to exist for believing that defendant and associates were violating Tariff Act and National Prohibition Act.

Customs inspectors *held* to have reasonable cause for belief that defendant and his associates on truck traveling at high rate of speed at 3 o'clock in morning were violating Tariff Act Sept. 21, 1922, and also National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), warranting arrest and search without search warrant, in view of Tariff Act 1922, tit. 4, § 581 (Comp. St. Ann. Supp. 1923, § 5841h).

At Law. In the matter of the application of George T. Woodward for return of certain alleged alcoholic liquors. On motion to suppress evidence. Motion denied.

Hugh J. O'Brien, of Rochester, N. Y., for petitioner.

John W. Remington, Asst. U. S. Atty., of Rochester, N. Y. (Thomas Penney, Jr., Acting U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

HAZEL, District Judge. The circumstances which prompted the search and seizure in question have been considered by me, and I am of the opinion that reasonable cause existed for believing that the defendant and his associates on the truck were in the act of violating the Tariff Act of 1922 (42 Stat. 858) and also the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) at the time of the arrest. The suspicions of the customs inspectors, who were specifically instructed by the collector of customs to watch out for smugglers, were aroused on the approach of the heavily laden truck at a high rate of speed at 3 o'clock in the morning.

The Ridge road, upon which the truck proceeded at the rate of 40 miles per hour, runs parallel to Lake Ontario, is not far distant therefrom, and extends easterly from Niagara river, where commonly intoxicating liquor is secretly brought from Canada to the United States. The customs inspectors rapidly followed the truck in their motor car for a distance of six miles, and tried to pass it, but the driver prevented this by swerving over to the left of the road. One of the inspectors called out in a loud voice, "U. S. Custom Officers, stop the truck;" but instead of obeying this reasonable request, a fusillade of bottles of ale was thrown ahead of the inspectors' car with the obvious intention of puncturing the tires. Several shots were then fired toward the truck, but its speed was not decreased. Other shots were fired, some into the cartons and bags in the truck supposedly containing bottles. The chase continued until Parma was reached, when the driver of the truck leaped therefrom and escaped under cover of darkness in the nearby woods. The defendant Woodward, who was standing by the side of the vehicle, was arrested. The ale which the inspectors had previously scented was contained in bags and boxes on the truck.

Defendant's counsel contends that, notwithstanding the foregoing undisputed facts and circumstances, the inspectors had no lawful right either to make an arrest or search the truck for evidence against him. This contention is advanced on specious reasoning. How can it reasonably be urged that the constitutional rights of these lawless men were invaded? Stronger circumstances leading to the probable cause principle of the Constitution, and justifying arrest for committing an offense in the presence of the officers, are not at the present moment conceivable.

Section 581 of title 4 of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, § 5841h) concededly gives the right to customs officers to stop vehicles on the highway, suspected of transporting smuggled merchandise. No reasonable ground is assigned for ignoring the provision which confers the right. It was not, as contended, an extraordinary outrage on the traveling public to stop the motor truck. Indeed, the fact that the truck was proceeding at 40 miles an hour at 3 o'clock in the morning in a locality where smugglers of ale bring their commodity into the interior of the state was a sufficient ground of suspicion, warranting the officers in overtaking the truck and investigating its contents. They acted in good faith, and confirmation of their suspicions readily presented itself. In the circumstances, no warrant was required to make search and seizure. There was nothing unreasonable in doing so, either under the Tariff Act or the National Prohibition Act. The following adjudications support this view: Milam v. U. S. (C. C. A.) 296 Fed. 629; U. S. v. Stafford (D. C.) 296 Fed. 709; Ash v. U. S. (C. C. A.) 299 Fed. 277.

Motion to suppress evidence is denied.