## UNITED STATES v. EMMONS et al.

(District Court, N. D. California, First Division. January 28, 1925.)

No. 16067.

**Intoxicating liquors ⬅143—Mere transportation in automobile not nuisance under National Prohibition Act.**

In the absence of any evidence that liquor is regularly bartered or sold from an automobile, mere transportation of liquor does not constitute a nuisance, under National Prohibition Act, tit. 2, §§ 21, 26 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½mm).

Prosecution by the United States against W. J. Emmons and others for the possession and transportation of liquor and the maintenance of a nuisance. On motion to instruct an acquittal on the nuisance count. Motion granted.

Sterling Carr, U. S. Dist. Atty., of San Francisco, Cal.

Edward A. O'Dea, of San Francisco, Cal., for defendants Gillis and Johnson.

Smith & Jacobson, of San Francisco, Cal., for defendant Emmons.

PARTRIDGE, District Judge. The defendants herein are charged, in three counts, for the possession and transportation of liquor and the maintenance of a nuisance. The evidence shows that they were arrested in two automobiles, as they went onto the ferry across San Francisco Bay. The automobiles were loaded with cocktails and whisky. At the conclusion of the evidence, a motion was made to instruct the jury to acquit upon the nuisance count.

The statute (National Prohibition Act, tit. 2, § 21 [Comp. St. Ann. Supp. 1923, § 10138½jj]) provides that "any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance. * * *" I think it may be fairly said that, within the meaning of that section, an automobile cannot be considered a "place" where liquor was either "manufac-

tured, sold, kept or bartered." The only possible way, therefore, in which an automobile could be brought within the terms of that section, is contained in the word "vehicle."

Section 26 (Comp. St. Ann. Supp. 1923, § 10138½mm) provides: "When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law."

That question was considered without any particular reasoning in Ash v. U. S., 299 F. 277. That is an opinion of the Circuit Court of Appeals for the Fourth Circuit, and in that the court reverses the judgment of the District Court upon a count which charged the transportation of liquors in an automobile as being a nuisance. There is no reasoning whatever to support the conclusion, but it is a clear finding of the Circuit Court of Appeals upon that question.

The question was again presented to the same Circuit Court of Appeals in Withrow v. U. S., 1 F.(2d) at page 859, and there again the same rule is laid down; the court simply dismissing the matter upon the authority of the Ash Case, with the statement that the evidence was insufficient to sustain the charge of maintaining a nuisance. There is direct authority twice by the Circuit Court of Appeals for the Fourth Circuit. But, when you undertake to reason the matter out, it seems to me to be fairly clear in the first place that Congress contemplated the creation of two separate and distinct offenses. One was either keeping or manufacturing liquor for purposes of sale in some fixed and definite place, and the other was the transportation of liquor. The penalties for the two are different, and Congress clearly recognizes that the offense of transporting liquor was a less offense than that of maintaining a nuisance.

Of course, the fact that Congress had created two separate offenses would not be conclusive upon the subject, because a person might be charged and convicted of sale, and at the same time charged and convicted of maintaining a place where liquor is kept for sale, and the courts have uniformly held, so far, at least, as I am able to find decisions, that, even without evidence of sale, the jury might conclude that the place was a nuisance and a person might be convicted.

So the courts have quite uniformly held that evidence of a single sale would justify the jury in finding that the place was a nuisance. But, after all, the true meaning of section 21 is undoubtedly some sort of a fixed or definite place where liquor is kept for sale. I do not mean by "fixed" that the place must be located in one particular place, because I have no doubt that Congress contemplated that liquor might be sold in dining cars, or on ferryboats, or on river steamers, or, indeed, that a person might take an automobile and create a sort of a traveling bar out of it, and that undoubtedly would come within the statute.

But, after all, the time-worn definition of "nuisance," both at common law and by the statutes of practically every state in the Union, contemplates a continuous performance, and not a single act of transportation. I conclude, therefore, that in the absence of any evidence that liquor is regularly bartered from an automobile, or sold by the drink, bottle, or something of that sort, mere transportation does not come within the section of the statute which provides that the keeping of liquor for sale shall constitute a nuisance.

The motion to acquit on the first count will therefore be granted.