## McLEAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 12, 1925.)

No. 4606.

Intoxicating liquors ⟪⇒143—Automobile used in merely transporting intoxicating liquor is not "common nuisance," within National Prohibition Act.

Automobile used in the mere transportation of intoxicating liquor is not a "common nuisance," within National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), whether used once or often, whether quantity of liquor is great or small, whether it is concealed or carried openly, or the car is specially designed for the convenient transportation and concealment of such liquor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public or Common Nuisance.]

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

James McLean was convicted, under one count of an information, of maintaining a common nuisance, in violation of National Prohibition Act, and he brings error. Reversed, and remanded for new trial.

John F. Dore, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. The sufficiency of the testimony to support a conviction under count 4 of the information is the only question presented for our consideration. The count in question charges the maintenance of a common nuisance, in violation of section 21 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½jj). The only testimony offered in support of the charge was the following:

From the kitchen at 624 Bell street, in the city of Seattle, one of the federal prohibition agents called up a telephone number, furnished by another agent, gave his name as McKenzie, and asked for two bottles of Scotch. About half an hour later the plaintiff in error drove up in a Ford coupé and parked his car at the southwest corner of Bell street and Seventh avenue. He proceeded to the address given over the telephone, inquired for McKenzie, delivered two bottles of whisky, and collected the purchase price. The agents then placed the plaintiff in error under arrest and searched the automobile in which the liquor was transported. They there found 49 bottles of whisky and 9 bottles of gin concealed in two secret compartments, one under the seat and the other in the back part of the car. No further testimony was offered, showing or tending to show that the automobile was a place where intoxicating liquor was manufactured, sold, kept, or bartered in violation of law.

By section 21 of title 2 of the National Prohibition Act, any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of law is declared to be a common nuisance. An automobile is a vehicle, and under this section there may, no doubt, be such a thing as a traveling nuisance; but an automobile used merely in the transportation of intoxicating liquor is not such. The transportation of intoxicating liquor by automobile is a crime, and the automobile so used is subject to forfeiture, but Congress has not declared that the automobile itself is a common nuisance. As al-

ready stated, there was no testimony tending to show that intoxicating liquor was manufactured, sold or bartered in or from the car, nor was there any testimony tending to show that intoxicating liquor was kept there, except in so far as it was necessarily so kept while in the act of transportation. So far as we are advised, it has never before been held that an automobile used in the mere transportation of intoxicating liquor is a common nuisance, whether used only once or often, whether the quantity of liquor be great or small, whether the liquor be concealed or carried openly, or whether the car be specially designed for the convenient transportation and concealment of liquor or not. To the contrary, see Ash v. United States (C. C. A.) 299 F. 277; Withrow v. United States (C. C. A.) 1 F.(2d) 858; United States v. Emmons (D. C.) 3 F.(2d) 503.

The judgment of the court below is reversed as to the fourth count, and the cause is remanded for new trial.