## CUTTERA et al. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
March 23, 1929.

No. 5486.

E. Howard McCaleb, Jr., of New Orleans, La., for appellants.

Edmond E. Talbot, U. S. Atty., and William H. Norman, Asst. U. S. Atty., both of New Orleans, La.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. An information in three counts charged appellants with violations of the National Prohibition Act. The first count alleges possession, and the second transportation, of intoxicating liquor for beverage purposes. The third count charges the maintenance of a common nuisance in an automobile, where intoxicating liquor was kept for beverage purposes. Appellants pleaded guilty as charged in the first and second counts, and upon their plea of guilty to those counts the trial court, to whom the case was submitted for trial without a jury, based the inference that they were also guilty of maintaining a nuisance, and found them guilty as charged in the third count.

Assuming that each count describes the same liquor, we are of opinion that the mere possession or transportation of it in an automobile, without more, does not justify the conclusion that the automobile is a common nuisance. The statute declares, among other things, that any vehicle where intoxicating liquor is sold, kept, or bartered is a common nuisance, and provides that any person who maintains such a common nuisance shall be guilty of a misdemeanor. 27 USCA § 33. The word "kept," as used in this section, means kept for sale or barter. Street v. Lincoln Safety Deposit Co., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548. It is not doubted that an automobile may be made to become a common nuisance, within the meaning of this section, by using it for the storage of liquor kept for sale. But the mere use of an automobile for transportation of liquor does not make of it a common nuisance. Withrow v. United States (C. C. A.) 1 F.(2d) 858; United States v. Emmons (D. C.) 3 F.(2d) 503; Green v. United States (C. C. A) 8 F.(2d) 140; McLean v. United States (C. C. A.) 8 F.(2d) 738. To maintain a nuisance and to keep for sale both imply continuity of action. A single act of possession or transportation of liquor does not constitute a common nuisance, although a single sale of liquor may be sufficient evidence to support the inference that a common nuisance is being maintained.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.