### DENTON v. UNITED STATES.

### No. 6592.

Circuit Court of Appeals, Fifth Circuit.

Feb. 4, 1933.

William H. Scott, of Houston, Tex., for appellant.

H. M. Holden, U. S. Atty., of Houston, Tex.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was convicted, as charged in separate counts of an indictment, of possession and transportation of intoxicating liquor, and maintaining as a common nuisance a house where intoxicating liquor was kept for sale, all in violation of the National Prohibition Act (27 USCA). The trial was before the court without a jury. The only evidence was that submitted by the government. Appellant admitted the possession, in a cellar on his premises which connected both with his dwelling house and garage located on a city lot, of a considerable quantity of liquor; but there was no evidence of any sale by him. Officers armed with a search warrant observed him placing packages in his automobile, getting into it, and backing out of the driveway. About the time he reached the curb, while he was still on his premises, they stopped him and upon a search found liquor in the automobile. It is contended that this evidence was insufficient to support a conviction either of transportation or of maintaining a nuisance.

As to the transportation charge, we think the evidence was sufficient. The case is not one like Byron v. United States (C. C. A.) 43 F.(2d) 360, where a defendant delivered liquor from his premises to one who had driven up in an automobile. There the defendant evidently had no intention to transport the liquor off his premises. Here appellant evidently intended to carry the liquor from his premises and deliver it somewhere else. The transportation had already

begun and would not have been completed until the liquor had been carried to its destination. There was no mere movement of it about from one part of appellant's premises to another, but there was in process a real transportation, during any stage of which an offense was being committed.

■ We think the proof failed as to the nuisance count. A single act of possession or transportation of liquor, without proof of at least one sale, does not constitute a common nuisance. Cuttera v. United States (C. C. A.) 31 F.(2d) 439; Ayers v. United States (C. C. A.) 58 F.(2d) 607. The judgment imposed on that count is reversed, with directions to set it aside.

As to the counts charging unlawful possession and transportation, the judgment is affirmed.