## MUNCY v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 1, 1923.)

No. 2061.

1. **Indictment and information ⊕161(3)—Information is subject to amendment.**
 An information may be amended by leave of court, even after motion to quash, demurrer, or plea.

2. **Criminal law ⊕261(2)—Arraignment and plea to amended information not essential.**
 Failure to again arraign defendant to plead to an information after its amendment *held* not to invalidate the subsequent trial and conviction.

3. **Intoxicating liquors ⊕236(9)—Evidence of single sale of liquor held not to sustain conviction for maintaining nuisance.**
 Evidence of the sale of a pint of whisky by defendant at her place of residence *held* insufficient to sustain a conviction for maintaining a nuisance, under National Prohibition Act, tit. 2, § 21, where no other liquor was found on her person or premises.

4. **Intoxicating liquors ⊕173—Possession of liquor sold does not constitute separate offense.**
 Possession of a pint of whisky, which defendant was convicted of selling, does not constitute a separate offense.

In Error to the District Court of the United States for the Southern District of West Virginia, at Bluefield; George W. McClintic, Judge.

Criminal prosecution by the United States against Lucy Muncy. Judgment of conviction, and defendant brings error. Affirmed in part, and reversed in part.

T. J. Lilly, of Hinton, W. Va., and James S. Kahle, of Bluefield, W. Va., for plaintiff in error.

Ellis A. Yost, Asst. U. S. Atty., of Huntington, W. Va. (Elliott Northcott, U. S. Atty., of Huntington, W. Va., and Jo. N. Kenna. Asst. U. S. Atty., of Charleston, W. Va., on the brief), for the United States.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WOODS and WADDILL, Circuit Judges, and GRONER, District Judge.

GRONER, District Judge. Lucy Muncy, plaintiff in error (hereafter called defendant), was convicted on an information charging violation of the National Prohibition Law (41 Stat. 305). As originally filed the information contained two counts, the first charging unlawful possession of liquor, and the second the maintenance of a nuisance under section 21 of title 2 of the act. After her arraignment, and plea of not guilty, the United States attorney was permitted by the court, over defendant's objection and exception, to amend the information by inserting an additional count charging sale. The trial then proceeded, without any further plea, and in this respect the grounds upon which we are urged to reverse are, first, that the lower court erred in allowing the amendment; and, second, that the failure of the defendant to plead to the information as amended renders the proceedings had thereunder void and of no effect.

[1] As to the first point, we need only observe that it is too well settled to require citation of authority that an information, unlike an indictment, may be amended by leave of court, even after motion to quash, demurrer, or plea (22 Cyc. p. 436, and cases cited); for, as Lord Mansfield observes, in Rex v. Wilkes, 4 Burr. 3567:

"There is a great difference between amending indictments and amending informations. Indictments are found upon the oath of a jury, and ought only to be amended by themselves; but informations are as declarations in the king's suit. An officer of the crown has the right of framing them originally, and may, with leave, amend in like manner as any plaintiff may do."

[2] As authority for the second point, we are referred to the case of Crain v. U. S., 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097, which, except for the fact that it was subsequently overruled, would be conclusive in defendant's favor; but in the later case of Garland v. State of Washington, 232 U. S. 642, 34 Sup. Ct. 456, 58 L. Ed. 772, the Supreme Court, after reviewing and expressly overruling the Crain Case, announced the modern rule to be:

"That the technical enforcement of formal rights in criminal procedure * * * is no longer required in the prosecution of offenses under present systems of law."

The point raised in that case was identically the same as the point raised here. There, as here, no arraignment or plea was had upon the information, and there Mr. Justice Day, speaking for the court, in answering that point, says:

"It is apparent that the accused was tried and convicted upon an information charging an offense against the law; that he had a jury trial, with full opportunity to be heard; and that he was in fact deprived of no right or privilege in the making of his defense, unless such deprivation arises from the fact that he was not arraigned and required to plead to the second information before trial. The object of arraignment being to inform the accused of the charge against him and obtain an answer from him, was fully subserved in this case, for the accused had taken objections to the second information and was put to trial before a jury upon that information in all respects as though he had entered a formal plea of not guilty."

This language, if applicable there, is equally so here, for the amendment contained in itself nothing substantially different from the charge already made in one of the original counts. There was nothing in the amendment to take her by surprise. At most she might have asked for a continuance, and this she did not do, but went to trial, mentally reserving the failure to comply with a mere formality as an anchor to windward on appeal. To set aside the judgment under such circumstances would, in our opinion, be violative of the due administration of justice, and opposed to that wiser and better rule which the Supreme Court has held now obtains under such circumstances.

[3] The case for the prosecution showed that a prohibition officer, accompanied by a boy living in the neighborhood, went to the defendant's apartment, located in a part of a large building formerly a hotel, but at the time occupied, as to some of the upper floors, by a number of families, but vacant and apparently open to the public generally as to the basement and ground floor. Being introduced by the boy, the officer succeeded in buying a pint of corn whisky from the defendant. Subsequently, and accompanied by other officers armed with a search warrant, he returned, and after carefully searching defendant's person and apartment found no liquor, but in another part of the building, formerly used as a stairway to the hotel kitchen, and some distance from the defendant's apartment, and not more accessible to her than to the other inmates of the building and the public generally, he found, securely fastened down and requiring the use of crowbars to get to it, a gallon and a half of the same sort of liquor. There was a sharp conflict in the evidence as to the sale; but, the jury having found against the defendant, we are foreclosed from an examination of the same.

The only question, therefore, which we have to determine, is whether the evidence of the sale of the pint of liquor, as mentioned, justifies a verdict of guilty of maintaining a nuisance under the terms of the act. As has been already stated, no liquor was found on defendant's person or on premises under her exclusive control. Except as to the pint which the officer claims to have purchased from her, there was no evidence either of sale or possession. It is true the officer claims to have been told by the boy who guided them to the defendant's apartment that he had gotten whisky from her; but the statement was not made in her presence, and was afterwards denied by the boy when he became a witness in the trial. The defendant conducted a laundry in her apartment and was engaged in that work when arrested, and there is, as far as the record before us shows, an entire absence either of facts or inferences from which we may say that the storage or sale of the whisky was one of the ordinary or usual incidents to the business conducted by the defendant or on her premises. The case made was the case of a single sale—the premises the ordinary home of a woman of the laboring class—and this, we believe, without more, is not enough.

[4] In Barker v. United States, 289 Fed. 249 just decided, we had occasion to point out the character and extent of the evidence necessary to bring into operation the provisions of the nuisance section of the statute, and, without repeating here what was said there, it is enough to say that, having regard to the burden imposed on the pros-

ecution in criminal cases, we think here it has not been met, and that the motion to set aside the verdict as to the last count of the information should have been sustained, just as we think the motion should have been overruled as to the two other counts; and, since the sentence imposed is more than could have been imposed under the counts sustained, it follows that it is our duty to reverse as to count No. 3 and affirm as to counts Nos. 1 and 2, and remand to the District Court, with instructions to impose sentence and enter judgment upon said first and second counts, which constitute but a single offense. Ballew v. U. S., 160 U. S. 187, 16 Sup. Ct. 263, 40 L. Ed. 388.