### COATES v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 11, 1923.)

No. 2089.

1. Criminal law ⬤⇒394, 395—Evidence procured by state officers under state search warrant is admissible in federal prosecution.

Testimony of state prohibition officers as to what they saw in the house of defendant when they searched it under a state search warrant, and articles found by them on the premises, is competent evidence in a prosecution in the federal court, where no federal officer or employee appeared to have had anything to do with procuring the warrant or making the search under it.

2. Indictment and information ⬤⇒161 (3)—Counts can be added to information after it is filed.

After an information charging unlawful possession of intoxicating liquor and of articles designed for the manufacture of such liquor had been filed, it was not error for the United States attorney to add two more counts to it, charging the actual manufacture and the sale of the liquor.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Jury ⬠⟹29(2)—Constitutional requirement of trial by jury cannot be waived.**

The constitutional requirement of trial by jury in a prosecution for crime is mandatory, and it cannot be waived in any case to which it is applicable, even by defendant's express consent.

**4. Jury ⬠⟹22(4)—Offenses under Prohibition Act must be tried by jury.**

Though prosecutions for petty offenses which are not crimes may be conducted without a jury, the constitutional requirement for trial by jury applies to a prosecution under the National Prohibition Act, where accused was fined $1,000 and sentenced to 12 months' imprisonment in jail.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Bob Coates was convicted on four counts of violating the National Prohibition Law (41 Stat. 305), and he brings error. Reversed.

A. M. Belcher, of Charleston, W. Va., for plaintiff in error.

Ellis A. Yost, Asst. U. S. Atty., of Huntington, W. Va. (Elliott Northcott, U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The plaintiff in error was a defendant below and will be so designated here. He is seeking to set aside a judgment by which he was fined $1,000 and sentenced to 12 months' imprisonment in the jail of Raleigh county. He was prosecuted upon an information filed against him by the United States attorney. It had five counts, one of which charged the unlawful possession of intoxicating liquor; the second the unlawful possession of property, designated for the manufacture of such liquor; the third, the actual manufacture; the fourth, the sale of such liquor; and the fifth, the maintenance of a nuisance where intoxicating liquor was being manufactured, kept, bartered, and sold. He was acquitted of the fourth count which charged selling and convicted upon all the others. He assigns six errors.

[1] Two of these have reference to the admission of the testimony of certain state prohibition officers as to what they saw at the house of the defendant when they searched it under a state search warrant sworn out by them and to the production in evidence of certain articles they found on the premises. No federal officer or employee appears to have had anything to do with procuring the warrant or making the search under it. The testimony was therefore admissible. Thomas v. United States (C. C. A.) 290 Fed. 133, decided at this term.

[2] Another assignment of error is based upon the allegation that the United States attorney, after the information was originally filed, added the third and fourth counts to it. It is disposed of by our decision in Muncy v. United States, 289 Fed. 780, handed down on May 1, 1923. The other three, in somewhat varying form, seek to raise what is substantially a single question, viz. can any one be called upon to answer an information unless, from its face or from other papers filed in the cause, it appears that it is based upon or supported by affidavits of persons to facts within their knowledge sufficient to show probable cause to believe the accused guilty of the offense charged therein?

---

⬠⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The defendant's objections to the information on this ground were made by a motion to quash, by a denial of the right of the government to put him upon trial, and by seeking to interrogate the attorney for the United States as to the evidence upon which the information was returned. The record does not disclose how the defendant was brought into the United States court. He was originally taken into custody under a state warrant and nothing appears as to the way in which his alleged offending was first brought to the attention of the federal authorities. For reasons presently to be stated, the judgment must in any event be reversed. It is therefore unnecessary to rule specifically upon these particular assignments, and, in the unsatisfactory state of the record, is inexpedient to do so.

[3] As already stated, independent of any of the questions thus far discussed, the judgment below must be set aside. The defendant, having pleaded not guilty, was put upon his trial before the court without a jury. It is true that he expressly consented to waive a jury trial and does not now seek a release from his agreement. Nevertheless the constitutional requirement is mandatory. It cannot be waived in any case to which it is applicable. Thompson v. Utah, 170 U. S. 343, 18 Sup. Ct. 620, 42 L. Ed. 1061; Callan v. Wilson, 127 U. S. 540, 8 Sup. Ct. 1301, 32 L. Ed. 223.

[4] There are offenses which are not crimes, and in them a jury may by consent be dispensed with. Shick v. United States, 195 U. S. 65, 24 Sup. Ct. 826, 49 L. Ed. 99, 1 Ann. Cas. 585. But, as that case teaches, they are of the kind which the common law classed as petty, as well from the trifling consequences which conviction of them would entail upon the one committing them as from the lack of any substantial moral blameworthiness necessarily implied in their commission.

There is no occasion here to attempt to draw the line which divides such offenses from those which in the sense of the constitutional provision in question are crimes. It is enough for the matter in hand that any offending, which upon conviction may by possibility entail any such punishment as that imposed upon the defendant, is covered by the constitutional provision, and cannot be tried otherwise than to a jury.

Reversed.