CROUCH v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 8, 1924.)

No. 3963.

1. Counterfeiting ☞8—Defendant held to have "altered" Federal Reserve notes by pasting together genuine notes of different denominations.

Defendant, who pasted together genuine Federal Reserve notes of different denominations for use in operation of "banking crap game," *held* guilty of altering Federal Reserve notes, under Criminal Code, § 148 (Comp. St. § 10318), as against contention that notes were not "altered."

[Ed. Note.—For other definitions, see, Words and Phrases, First and Second Series, Alter—Alteration.]

2. Counterfeiting ☞8—Defendant held guilty of altering Federal Reserve notes with intent to defraud, though no fraud on government.

Defendant, who pasted together genuine Federal Reserve notes of different denominations for use in operation of "banking crap game," *held* guilty of altering Federal Reserve notes, with intent to defraud, under Criminal Code, § 148 (Comp. St. § 10318), though there was no fraud on the government.

3. Counterfeiting ☞8—Defendant, who pasted together genuine Federal Reserve notes of different denominations, held guilty of connecting parts of different bills.

Defendant, who pasted together genuine Federal Reserve notes of different denominations, *held* guilty of connecting parts of different bills, under Criminal Code, § 162 (Comp. St. § 10332); the front of one note and the back of another being different parts thereof, though not physically detached from the entire note.

4. Counterfeiting ☞8—Defendant guilty of altering Federal Reserve notes with intent to defraud, though defrauded person was himself engaged in illegal transactions.

Defendant, who pasted together genuine Federal Reserve notes of different denominations for use in operation of "banking crap game," *held*

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

guilty of altering the notes with intent to defraud, though person defrauded was himself engaged in an illegal transaction.

**5. Criminal law ⬱⬱593—Refusal of continuance for absence of counsel held not abuse of discretion.**

Refusal of continuance for absence of counsel, necessitating employment of another attorney present in court, where defendant and counsel had been advised five days in advance when case would come to trial, *held* not abuse of discretion.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

James Crouch, alias Diamond Jim Crouch, was convicted of altering Federal Reserve notes with intent to defraud certain persons, and of having possession of altered Federal Reserve note with intent to pass same and to defraud, and he brings error. Affirmed.

Henry A. Behrendt, of Detroit, Mich. (Milton A. Behrendt, of Detroit, Mich., on the brief), for plaintiff in error.

Frederic L. Eaton, Asst. U. S. Atty., of Detroit, Mich. (Earl J. Davis, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

MACK, Circuit Judge. The defendant, with a confederate, was engaged in operating what is known as a "banking crap game." They pasted together genuine Federal Reserve notes of different denominations. For example, they would paste a $20 note and a $5 note, so that, looked at from one side, it appeared to be a $5 bill, while, looked at from the other side, it appeared to be a $20 bill. Similarly they pasted together $50 and $10 notes. The alleged practice was for the defendant to secure a victim and to act as his banker, handling his money, while the confederate would make a bet, placing on the table one of the doctored bills, which would be manipulated so as to cheat the victim.

The defendant was found guilty on three counts, the first and second counts being under section 148 of the Criminal Code (Comp. St. § 10318)[1] for altering Federal Reserve notes with intent to defraud certain persons, and the third count being under section 151 of the Criminal Code (Comp. St. § 10321)[2] for having in his possession an altered $50 Federal Reserve note, with intent to pass the same and to defraud. The defendant was fined $300 and sentenced to be imprisoned three years.

[1] "Sec. 148. *Forging or Counterfeiting Securities.* Whoever, with intent to defraud, shall falsely make, forge, counterfeit, or alter any obligation or other security of the United States shall be fined not more than five thousand dollars and imprisoned not more than fifteen years."

[2] "Sec. 151. *Uttering Forged Obligations.* Whoever, with intent to defraud, shall pass, utter, publish, or sell, or attempt to pass, utter, publish, or sell or shall bring into the United States or any place subject to the jurisdiction thereof, with intent to pass, publish, utter, or sell, or shall keep in possession or conceal with like intent, any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than five thousand dollars and imprisoned not more than fifteen years."

[1] It is urged that the defendant did not *alter* any obligation or other security of the United States within the meaning of the provisions of the Criminal Code, inasmuch as each note used was genuine and capable of immediate restoration to its original form. Alteration of a genuine instrument is not, however, limited to a permanent change. While the two notes remain pasted together, so as to appear to be a single note, each of them is altered; its identity as a genuine $5 or $20 or $50 note is temporarily destroyed; none the less so because, on an examination, the change would be at once apparent.

[2] Further, it is contended that there was no fraud on the government, inasmuch as the government's obligation was not, and was not intended to be, in any way increased. The statute, however, does not specify the United States as the party intended to be defrauded. As counterfeiting, forgery, or alteration, and the fraudulent purposes which they aim to further, may injuriously affect, not only the government, but also innocent third parties, the broad statutory requirement of an intent to defraud is not to be restricted to a fraud against the government. A use with intent to defraud any person is within that statutory inhibition. Therefore, too, it is unnecessary that the obligation of the government be attempted or purported to be increased or changed. Cf. U. S. v. Sacks, 257 U. S. 37, 42 Sup. Ct. 38, 66 L. Ed. 118; U. S. v. Janowitz, 257 U. S. 42, 42 Sup. Ct. 40, 66 L. Ed. 120. The evidence fully supports a conviction under section 148.

[3] Each of the first two counts charges, not merely the fact, but the specific manner, of alteration of two notes, by pasting together a part of each—the front of one and the back of another. If such placing together be wrongly denominated "alteration," the first and second counts and the sentence thereunder are nevertheless sustainable under section 162 of the Criminal Code (Comp. St. § 10332).³ The front of one note and the back of another are different parts thereof, even though not physically detached from the entire note.

Whether or not the charge in the third count under section 151—possession with intent not only to defraud, but to pass an altered note—is sustained by this evidence, need not be determined. The limit of punishment is the same under each count. The sentence was well within the limits of judicial discretion for a conviction under the first two counts.

[4] That the game of craps is gambling, and that the person intended to be defrauded is himself engaged in an illegal transaction in connection with which the fraud is to be perpetrated, are immaterial. Defendant's act is criminal, even though the victim might be debarred from enforcing civil liability.

---

³ "Sec. 162. *Connecting Parts of Different Bills.* Whoever shall so place or connect together different parts of two or more notes, bills, or other genuine instruments issued under the authority of the United States, or by any foreign government, or corporation, as to produce one instrument, with intent to defraud, shall be deemed guilty of forgery in the same manner as if the parts so put together were falsely made or forged, and shall be fined not more than one thousand dollars, or imprisoned not more than five years, or both."

[5] Error is also alleged on the refusal of the trial judge to grant a continuance because of the absence of defendant's counsel when the case was called for trial, necessitating defendant's employment of another attorney who happened to be present in court. The defendant and his counsel had each been advised five days in advance when the case would come up for trial. No application for a continuance was made until the case was actually called, when defendant advised the court that his counsel was engaged in another court and asked for a continuance. The court below did not believe a continuance justified. The defendant in fact was represented by counsel, although rather hastily chosen. There appeared, however, to be no real dispute as to the facts. There is no contention now that the record is not adequate or complete. The result would not rightly have been different, had counsel originally retained conducted the defense. So far as any questions of law were involved, the defendant's rights were safeguarded by exception duly taken. In the circumstances, we cannot hold that any constitutional right of the defendant was infringed, or find any abuse of discretion by the trial court.

Judgment affirmed.