## RYAN v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.
April 24, 1925.)

No. 2338.

1. **Indictment and information** ⊜⇒41(5) — Where warrant was issued after accused's arrest, information need not be submitted to court for approval with sworn evidence of probable cause.

Where warrant was sworn out against accused after his arrest, information need not be submitted to court for approval with sworn evidence to show probable cause; Fourth Amendment not being applicable.

2. **Indictment and information** ⊜⇒52(1)—Defendant arrested on warrant, or voluntarily coming into court, may be put on trial on unverified information.

Defendant arrested on proper warrant, or voluntarily coming into court, may be put on his trial on unverified information.

3. **Criminal law** ⊜⇒394—Evidence of arrest and finding of liquor admissible when officer had probable cause.

Evidence that officer without warrant arrested accused while he was in automobile or about to leave it, with intoxicating liquor in his possession, was admissible, where officer had probable cause for belief that intoxicating liquors were being transported.

In Error to the District Court of the United States for the Southern District of West Virginia, at Huntington; George W. McClintic, Judge.

William T. Ryan was convicted of unlawfully selling and transporting intoxicating liquor, and he brings error. Affirmed.

J. Raymond Gordon, of Charleston, W. Va., for plaintiff in error.

Lawrence L. McClure, Asst. U. S. Atty., of Huntington, W. Va., and B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va. (Elliott Northcott U. S. Atty., of Hunt-

ington, W. Va., on the brief), for the United States.

Before WOODS, WADDILL and ROSE, Circuit Judges.

ROSE, Circuit Judge. William T. Ryan, plaintiff in error, was the defendant below and will be so described here. He was convicted of transporting and selling intoxicating liquors as charged in the first and second of the three counts of an information exhibited against him by the United States attorney. He makes in all 21 assignments of error. Little or no mention was made of most of them, either in the brief or in the oral argument of his counsel. As to nineteen of them, it is sufficient to say that no one of the number calls attention to any error which, under the circumstances, could have been prejudicial. The remaining two relate to the legality of the information and to the admission of evidence as to what was found on the defendant's person at the time of his arrest.

[1] He was first taken into custody without any warrant, but subsequently one in due form was sworn out against him. In ordinary course, he had his hearing before the United States commissioner. Witnesses were there sworn and examined. A finding of probable cause was made, and the defendant was held to bail for the action of the District Court. Thereupon, the United States attorney filed against him the information now assailed.

[2] The learned counsel for the defendant argues that it is fatally defective because the United States attorney did not, before filing it, submit it to the court with sworn evidence to show that there was probable cause for believing the defendant guilty of the offenses charged in it. That contention is, however, inconsistent with the express decision of the Supreme Court that "the United States district attorney, in virtue of his official duty and to the extent that criminal charges are susceptible of being preferred by information, has the power to present such informations without the previous approval of the court." United States v. Thompson, 251 U. S. 407, 413, 414, 40 S. Ct. 289, 292 (64 L. Ed. 333). There is no requirement, constitutional or statutory, that an information shall be verified or supported by the sworn statements of individuals having personal knowledge of facts which show the existence of probable cause, unless upon it there is to be issued a warrant for the arrest of the accused. Such support is then necessary, not to sustain the information as such, but be-

cause the Fourth Amendment provides that no warrants "shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the * * * persons to be seized." If the defendant has been arrested upon a proper warrant or voluntarily comes into court, he may be put upon his trial upon an unverified information. Weeks v. United States, 216 F. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524. See, also, Muncy v. United States (C. C. A.) 289 F. 780.

[3] At the trial below, evidence was introduced by the government, over the objection of the defendant, that he was arrested in an automobile, or as he was about to leave it, and in which he had been carrying in his hand under his coat a paper bag containing two or three pint bottles of moonshine liquor. The officer who made the arrest was without a warrant. It is sufficient to say that the record discloses that there were facts and circumstances within the knowledge of the officer making the arrest, or of which he had reasonably trustworthy information, sufficient in themselves to warrant a man of reasonable caution in the belief that intoxicating liquor was then being transported in defendant's machine. Carroll v. United States, 45 S. Ct. 280, 69 L. Ed. ——, decided by the Supreme Court March 2, 1925; Ash v. United States (C. C. A.) 299 F. 277; and Milam v. United States (C. C. A.) 296 F. 629.

Affirmed.