## WALKER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925. Rehearing Denied September 14, 1925.)

No. 4533.

1. **Indictment and information ⊜81(1), 86(2), 87(2)—Count charging possession of property for manufacturing liquor held not indefinite as to time, place, and party charged.**

Count of information charging possession of property designed for manufacturing liquor in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) *held* not objectionable, as being indefinite as to time and place, and as to party charged.

**2. Indictment and information ☞86(2)—Count charging manufacture held not objectionable, as not stating place maintained by accused to manufacture liquor.**

Count of information charging manufacture of liquor in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) *held* not objectionable, as not stating place maintained by accused for the purpose of manufacturing intoxicating liquor.

**3. Indictment and information ☞86(2)—Misdescription of county in which described premises were located held not prejudicial.**

In a liquor prosecution, based on two counts of information, one charging possession of property designed for manufacture of liquor, and the other the manufacture thereof in Vallejo, Cal., in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), a discrepancy in description of county in which Vallejo is situated, arising from fact that in the first count Vallejo was described as being in Sonoma county; and in the other as being in Solano county, *held* not prejudicial, in view of evidence showing that the premises described were in Vallejo, and that Vallejo is in Solano county.

**4. Indictment and information ☞161(1)—Order permitting prosecution to amend by adding second count held not abuse of discretion by court.**

In a prosecution, originally based on a count of an information charging possession of property designed for manufacture of liquor in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), an order permitting the prosecution to amend the information by adding another count charging manufacture, such leave being granted when objection of defense to questions propounded by prosecution was sustained, *held* not an abuse of discretion, where defendant at once pleaded not guilty to such additional count, and did not claim surprise, nor ask for continuance, nor suggest that evidence introduced in support of count 1 was incompetent, or irrelevant to the charge alleged in second count.

**5. Criminal law ☞1120(1)—Condition of bill of exceptions held to preclude consideration of assignment alleging error in denial of motion to suppress evidence.**

In a liquor prosecution, questions sought to be presented by assignment alleging error in denial of motion to suppress evidence, the motion being based on copies of papers and documents set forth in the assignment, *held* not entitled to consideration, where bill of exceptions contained neither a motion to suppress, nor affidavit on which a search warrant was issued, nor a search warrant, and failed to show a motion for directed verdict at close of evidence.

**6. Intoxicating liquors ☞249 — Officers observing operation of still on accused's premises held entitled to go thereon without search warrant.**

Officers observing operation of still on accused's premises *held* entitled to go thereon without search warrant.

In Error to the District Court of the United States for the Northern Division of the Northern District of California; John S. Partridge, Judge.

Hartley Walker was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

Walker was convicted under two counts of an information charging violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Count 1 charged that Walker, on or about the 4th day of December, 1924, at "826 Sonoma street, Vallejo, in the county of Sonoma, in the Northern division of the Northern district of California, and within the jurisdiction of this court, * * * did then and there willfully and unlawfully have in his possession certain property designed for the manufacture of liquor, to wit, * * * then and there intended for use in violating title II of the Act of Congress of October 28, 1919, to wit, the National Prohibition Act, in the manufacture of intoxicating liquor," etc. Count 2 charged that Walker at the same time, "at 826 Sonoma street, Vallejo, in the county of Solano, in the Northern division of the Northern district of California," and within the jurisdiction of this court, then and there willfully and unlawfully did maintain a common nuisance, in that he did then and there knowingly and unlawfully manufacture on the premises aforesaid certain intoxicating liquor; that the maintenance of such nuisance in the manufacture of said intoxicating liquor at the time and place aforesaid was then and there prohibited, etc. Walker brought writ of error.

Tormey & O'Leary, of Martinez, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1, 2] It is contended that neither count charges a public offense, for the reason that count 1 is "indefinite as to the time and place and as to the party charged," and that count 2 does not state any place that was maintained by plaintiff in error for the purpose of manufacturing intoxicating liquor. The contentions have no merit. In count 1 Walker is named, the date is averred, and the premises are definitely described. The second count directly charges that Walker, at 826 Sonoma street, Vallejo, in Solano county, manufactured on

the premises 30 gallons of jackass brandy, containing one-half of 1 per cent. or more of alcohol fit for use for beverage purposes.

[3] There is a discrepancy in the descriptions of the county in which Vallejo is situated. In the first count it is described as in Sonoma county, Cal., and in the second it is described as in Solano county, Cal. But, as the evidence was that the premises described are in Vallejo, and that Vallejo is in Solano county, the misdescription in the possession count could not have prejudiced defendant.

[4] When the trial began there was only count 1, that charging possession. After the prosecution introduced a witness, who was a revenue agent and who testified that the agents had a warrant to search the premises, that defendant was found in a room adjoining his apartment in Vallejo and had in his possession the liquor and mash, and had three stills actually in operation, and that the defendant stated that he owned the property discovered and that he had been operating for some time, the witness was asked if there had been many complaints about the place. Counsel for defendant objected, and stated that there was only one count against Walker, that of possession. The court sustained the objection to the question. Thereupon counsel for the government stated that there had been an oversight, and asked permission to file another count. Defendant objected, but leave was granted, and count 2 was added. Defendant excepted. Defendant at once pleaded not guilty, and did not attempt to say that he was taken by surprise; nor did he ask for a continuance; nor did he suggest or contend that the evidence that had been introduced in support of count one was incompetent or irrelevant in respect to the nuisance charge. Further testimony was then introduced and the trial proceeded under the two counts. The order permitting the government to amend by adding the second count was not an abuse of discretion of the court. Muncy v. United States (C. C. A.) 289 F. 780; Coates v. United States (C. C. A.) 290 F. 134.

[5] Defendant assigns as error denial of his motion to suppress evidence, the motion being based upon copies of papers and documents set forth in the assignment. But as the bill of exceptions contains neither a motion to suppress, nor affidavit upon which a search warrant was issued, nor a search warrant, and fails to show that there was a motion for a directed verdict at the close of the evidence, the questions sought to be presented are not properly for consideration. Feigin v. United States (C. C. A.) 279 F. 107.

[6] However, if the papers were as stated in the assignment, and the rulings urged as error were properly for review, the defendant would find no advantage, for the uncontradicted evidence was that, before the prohibition agents went into the apartment of defendant, and while they were standing at the front door, which was open, they saw the stills in full operation. They then stepped in and placed defendant under arrest. As the crime was flagrantly committed in the presence of the officers, a search warrant was not necessary. Garske v. United States (C. C. A.) 1 F.(2d) 620; Forni v. United States (C. C. A.) 3 F.(2d) 354.

As the record discloses no ground for reversal, the judgment is affirmed.

Affirmed.