## GRAY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 2, 1926.)

No. 7379.

**1. Criminal law ☞586, 1151.**

Granting or refusing continuance is within trial court's sound discretion, and in absence of abuse its finding will not be disturbed.

**2. Criminal law ☞589(1).**

Refusal of continuance because of withdrawal of accused's attorney *held* not abuse of discretion, where accused had timely notice and employed new counsel.

**3. Criminal law ☞722(3)—Statement by government's attorney, in addressing jury, that "we are waging a battle against" accused, "a bootlegger," held not error.**

Statement by United States attorney, in address to jury, that "we are waging a battle against" accused, "a bootlegger," though better omitted, *held* not error, where not beyond evidence and inferences deducible therefrom.

**4. Witnesses ☞236(1), 254.**

In prosecution for possession and sale of whisky, questioning government's witness as to whether he had seen accused after purchase of whisky, and permitting him to examine memorandum to refresh his memory, *held* not error.

**5. Intoxicating liquors ☞236(11).**

Evidence *held* sufficient to warrant conviction for sale of whisky.

**6. Criminal law ☞200(1).**

Single act may be offense under two statutes, and, if each requires proof of additional fact, acquittal or conviction under either does not exempt accused from prosecution or conviction under the other.

**7. Criminal law ☞199.**

Though single act may constitute separate offenses, only one prosecution may be sustained, since lesser offense is merged in greater.

**8. Criminal law ☞984—Intoxicating liquors ☞173—Possession of same liquor as sold is merged in greater crime of sale, and separate sentences for each offense held improper (National Prohibition Act, tit. 2, § 3 [Comp. St. § 10138½aa]).**

Under National Prohibition Act, tit. 2, § 3 (Comp. St. § 10138½aa), sale of intoxicating liquor is greater crime than mere possession, and includes crime of possessing same liquor, and imposing of separate sentences for possessing and selling same liquor was improper.

**9. Indictment and information ☞52(1).**

Where accused, arrested on proper warrant, waived preliminary hearing and was under bond for appearance, he could be put on trial for misdemeanor on an unverified information.

**10. Criminal law ☞1129(2).**

Assignments of error, failing to comply with rule 11 of the Circuit Court of Appeals, will not be considered.

In Error to the District Court of the United States for the Western District of Missouri; Merrill E. Otis, Judge.

Martin J. Gray was convicted of unlawfully possessing and selling intoxicating liquors, and he brings error. Affirmed in part, and reversed in part.

W. W. McCanles, of Kansas City, Mo. (John D. Chappelle, of Kansas City, Mo., on the brief), for plaintiff in error.

Wm. L. Vandeventer, Asst. U. S. Atty., of Kansas City, Mo. (Roscoe C. Patterson, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before LEWIS, Circuit Judge, and TRIEBER and KENNAMER, District Judges.

KENNAMER, District Judge. The plaintiff in error, Martin J. Gray, was charged, by information filed in the District Court for the Western District of Missouri, with the violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.). The first count of the information charged the plaintiff in error with the unlawful possession of intoxicating liquors; the second, with the unlawful sale of intoxicating liquors. The case came on for trial in its regular order on the 10th day of November, 1925, at which time a motion filed by the plaintiff in error for a continuance was overruled. The continuance was sought on the ground that the attorney who had been employed to represent the defendant notified him on the 8th day of November, 1925, that he would not be able to appear in defense of the case. It further appeared that on the 9th of November the defendant consulted with other attorneys, but that they did not have sufficient time to interview the witnesses and to prepare the case for trial, it was alleged. Upon the overruling of the motion a jury was impaneled, but the further trial of the case was continued until the morning of the following day, at which time the defendant was convicted upon the charges contained in the information.

The evidence, in substance, was that one C. E. Stanley, a federal prohibition officer, temporarily residing in Kansas City, Mo., left the hotel at which he was stopping at about 8:30 in the morning, and went to the defendant's place of business, which was a soft drink stand, located at 14 East Eighth street, in Kansas City, Mo., where he purchased a drink of whisky for the sum of 25 cents. Upon purchasing the drink of whisky, Stanley then asked the defendant for a half pint of whisky, which the defendant produced and sold to Stanley for the consideration of $1.25. In accordance with the requirements of the prohibition division, Stanley placed a label on the half pint of whisky he had purchased from the defendant, with notations of the transactions. The sentence imposed upon the defendant was the payment of a fine in the amount of $100 on the first count, and imprisonment in the Johnson county jail, at Warrensburg, Mo., for a term of 180 days, upon the second. Writ of error was duly allowed to this court, by which a reversal of the judgment of the trial court is sought. The defendant by assignments of error presents a number of grounds for reversal.

[1, 2] The first assignment of error questions the correctness of the trial court in overruling the motion of the defendant for a continuance. The only ground relied upon for a continuance was the withdrawal of the attorney who had been previously employed to defend the defendant, and the withdrawal was occasioned by reason of his appointment as a member of the state circuit court. The record discloses that the defendant had timely notice of the withdrawal of counsel, and that he had employed other attorneys for the defense of his case. We therefore see no merit in this contention. The granting or refusing of a continuance is a matter within the sound discretion of the trial court, and, unless there is an abuse of this discretion, this court will not disturb the trial court's ruling thereon. Crouch v. United States (C. C. A.) 298 F. 437; Johnson v. United States (C. C. A.) 5 F.(2d) 471. The record fails to show an abuse of discretion of the trial court in refusing a continuance.

[3] Error is alleged in the statement of the United States attorney to the jury during the course of his address, which was, "We are waging a battle against Martin Gray, a bootlegger." Undoubtedly, this character of argument to a jury should be omitted; the better practice is that prosecuting officers confine their arguments to a presentation of the fine facts deducible from the testimony introduced in the trial of the case. However, it cannot be said that the argument employed by the United States attorney was beyond the evidence and the inferences to be drawn therefrom. If the government's evidence in the case was believed by the jury, the defendant was engaged in the bootlegging business. There is a degree of liberty allowable to counsel, whether for the government or for the defendant, in drawing inferences fairly deducible from the evidence. It seems that no error is committed by counsel in presenting an argument to a jury, unless the argument includes statements of matters outside the record, or until there is an abuse of the privilege afforded counsel to fairly present the case. See Billingsley v. United States (C. C. A. 6) 274 F. 86.

[4] It is alleged that error was committed in the admission of evidence consisting of a flask containing a liquid resembling whisky other than Government's Exhibit No. 1. It appears from the record that the government's witness, Mr. Stanley, while on the witness stand,

was asked by counsel for the government whether or not he had had some transactions with the defendant subsequent to the purchase of the liquor involved in this case. Objections were made by the defendant, and the answer of the witness was confined to the quære as to whether or not he had seen the defendant subsequent to the alleged sale. In order to refresh his memory, the witness was permitted to examine a memorandum which he took from his pocket. The record fails to show that the witness produced any other bottle or flask of whisky, other than the one witness testified he had purchased from the defendant. We can see nothing prejudicial in this, and the contention that the jury was prejudiced by this evidence is without merit.

[5] It is urged that the evidence is insufficient to support the verdict of the jury, for the reason that the liquid alleged to have been purchased from the defendant was not in fact whisky. The record contains the testimony of the witness Stanley, to the effect that he purchased whisky; that when he made the purchase from the defendant he asked for whisky; that he was first sold a drink of whisky, and later, upon his asking for a half pint of whisky, defendant sold him the half pint which constituted Government's Exhibit No. 1. We see no merit in this contention.

[6-8] We are of the opinion that the trial court committed error in imposing a sentence upon the defendant upon the first count of the information, charging unlawful possession of intoxicating liquor, because the defendant was sentenced on the second count for the unlawful sale of the same whisky. It is well established that a single act may be an offense against two statutes, and, if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the accused from prosecution or conviction under the other. Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Carter v. McClaughry, 183 U. S. 367, 22 S. Ct. 181, 46 L. Ed. 236; Possession of intoxicating liquors is made an offense by section 3, title 2, of the National Prohibition Act (Comp. St. § 10138½aa); by the same act the sale of such liquors constitutes an offense. In the instant case, the transaction involved but one half pint of whisky, which was sold to the witness Stanley. Thus the process of sale included the act of possession, and but one offense was committed. Muncy v. United States (C. C. A. 4) 289 F. 780.

It is well settled that, although a single act may constitute separate offenses, only one prosecution may be sustained, for the reason that the lesser offense is merged in the greater. The rule is stated in Mr. Wharton's treatise on Criminal Law, vol. 1, § 560, as follows: "An acquittal or conviction for a greater offense is a bar to a subsequent indictment for a minor offense included in the former, whenever, under the indictment for the greater offense, the defendant could have been convicted of the less."

Mr. Justice Bradley, delivering the opinion of the court in the case of In re Hans Nielsen, Petitioner, 131 U. S. 176, at pages 189 and 190, 9 S. Ct. 672, 676 (33 L. Ed. 118), said: "It will be observed that all these instances are supposed cases of acquittal, and in order that an acquittal may be a bar to a subsequent indictment for the lesser crime it would seem to be essential that a conviction of such crime might have been had under the indictment for the greater. If a conviction might have been had, and was not, there was an implied acquittal. But where a conviction for a less crime cannot be had under an indictment for a greater which includes it, then it is plain that while an acquittal would not or might not be a bar, a conviction of the greater crime would involve the lesser also, and would be a bar."

The sale of intoxicating liquor is a greater crime than its possession, in that a more severe penalty is provided for a sale than for possession. We are therefore of the opinion that a sale of intoxicating liquors under the National Prohibition Act, being a greater crime than the mere possession, includes the crime of possession of intoxicating liquors, when in fact both charges rest upon and involve the same liquor. Therefore the fine imposed upon the first count should be vacated and set aside.

[9] It is finally insisted that the information upon which the case was based and tried was fatally defective, in that it was not verified by any person purporting to know the facts. The record discloses that, prior to the filing of the information which is the basis of this action, the defendant had been arrested, had waived his preliminary hearing before the commissioner, and was under bond for his appearance, in the District Court. We cannot accept this contention as sound, for, where a person arrested on proper warrant has had a preliminary hearing, he may be put upon his trial, charged with the commission of a misdemeanor upon an unverified information. Weeks v. United States, 216 F. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524; Ryan v. United States (C. C. A. 4) 5 F. (2d) 667.

[10] We deem it unnecessary to consider the

other assignments of error for the reason they fail to comply with rule 11 of this court. Damico v. Firemen's Fund Ins. Co. (C. C. A.) 5 F.(2d) 318.

The judgment of the trial court, imposing a fine upon the first count of the information, is reversed; but the judgment imposing a sentence upon the second count of the information is affirmed.