**UNITED STATES of America, Plaintiff,**

v.

**Mabel RANDOLPH, Defendant.**

**No. CR–2–82–24.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 1, 1982.

John H. Cary, U. S. Atty., Knoxville, Tenn. by Guy W. Blackwell, Asst. U. S. Atty., Greeneville, Tenn., for plaintiff.

Pamela L. Reeves, Knoxville, Tenn., for defendant.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The Grand Jury charged herein *inter alia* that the defendant committed the felony-offense of perjury, 18 U.S.C. § 1621, " * * * on or about the 18th day of December, 1981 * * *." It is obvious that December 18, 1980 was not " * * * on or about the 18th day of December 1981 * * *."

The prosecuting attorney herein moved the Court to allow her to amend the latter allegation of the grand jury in such indictment, by changing the figures, 1981, to the figures, 1980. This appears an invitation for this Court to commit error. *United States v. Pandilidis*, C.A.6th (1975), 524 F. (2d) 644, 647–648, certiorari denied (1976), 424 U.S. 933, 96 S.Ct. 1146, 47 L.Ed. (2d) 340 ("[T]he district court erred in permitting [an] amendment to the indictment * * *," charging a misdemeanor.)

The foregoing error in the alleged date of the alleged offense is claimed by the movant to have been the product of a "clerical error" in the form of a "typographical error". However, there is no sufficient affidavit supporting such an allegation of *fact* submitted with such motion, local Rule 12(a), the movant asserting therein only her subjective conclusion that such was " * * * an inadvertent clerical error * * *".

It is " * * * the settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the charge is merely a matter of form. * * * " *Russell v. United States* (1962), 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed. (2d) 240, 255 (headnote 16), citing and quoting from *Ex parte Bain* (1887), 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849, and *Stirone v. United States* (1960), 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed. (2d) 252. " * * * [A]n information, unlike an indictment, may be amended by leave of court * * *." *Muncy v. United States*, C.C.A.4th (1923), 289 F. 780, 781[1]; *see* also Rule 7(e), Federal Rules of Criminal Procedure.

There is a distinction between the authority of a trial Court to amend an indictment, on the one hand, and whether the allowance of such an amendment is to be deemed on appeal reversible error, on the other. Thus, in a prosecution for using the mail to defraud, the trial Court allowed an amendment of the indictment; on appeal, it was stated in that connection without abundant enlightenment:

> * * * An amendment of the indictment is assigned as error. The use of the mails covered by the third and fourth counts thereof were alleged to have occurred in December, 1926. As a matter of fact it occurred in December, 1925. On appellee's motion it was permitted to amend the indictment by striking out the figure six and substituting therefor the figure five. As a matter of fact no alteration of the indictment was made. As copied in the record the date is December 1926. No amendment was needed as the date was not material. And at most only those two counts would be affected. The

verdict was guilty as to all the counts and the punishment imposed did not exceed that which might be imposed on one count.

> \* \* \* \* \* \*

The judgment of conviction was affirmed. *Gridley v. United States*, C.C.A.6th (1930), 44 F. (2d) 716, 741 [19], certiorari denied (1931), 283 U.S. 827, 51 S.Ct. 351, 75 L.Ed. 1441, on petition for new trial, D.C.Mich. (1931), 49 F. (2d) 908; *see* also *United States v. Pandilidis, supra*, 524 F. (2d) at 647.

"In all criminal prosecutions, the accused shall enjoy the right * * * to be informed on the nature and cause on the accusation * * *." Constitution, Sixth Amendment. This defendant has been informed that a grand jury charged her with the felony of perjury on or about December 18, 1981 in a certain trial of that date. There is no federal statute or rule permitting an amendment of the nature or cause of that accusation in the indictment returned.

" * * * It is plain that an essential element of the crime of perjury under [18 U.S.C.] section 1621 is that the accused *shall have taken an oath before giving* the alleged false testimony. [Emphases supplied by the undersigned.] * * * " *Smith v. United States*, C.A.5th (1966), 363 F. (2d) 143, 144[1], after remand 392 F. (2d) 169, certiorari denied (1968), 393 U.S. 941, 89 S.Ct. 308, 21 L.Ed. (2d) 278. " * * * [T]he constitutional guaranty [Constitution, Fifth Amendment] that no person shall be held to answer for a capital or infamous crime except upon a presentment or indictment of a grand jury requires adherence to the common-law rule that the court has no power to amend the body of an indictment. [Footnote reference omitted.] * * * " Anno: Amendment—Time, 14 A.L.R. (3d) 1297, 1302, § 2.

The approximate date of the offense charged herein, being an essential element of the crime of which the defendant is accused, it cannot be characterized as " * * * neither trivial, useless nor innocuous * * *." *Stirone v. United States, supra*, 361 U.S. at 217, 4 L.Ed. (2d) at 257.

Now that the accused herein has been charged by a grand jury with committing the crime charged on or about December 18, 1981, if this Court allowed the requested amendment to change that time to one a year beforehand, such might handicap the defendant in any effort to avail herself of her conviction or acquittal herein against a same prosecution for the same charge. *Russell v. United States, supra,* 369 U.S. at 763–764, 82 S.Ct. at 1046–1047, 8 L.Ed. (2d) at 251 (headnote 8).

The aforementioned motion lacking merit, it hereby is

DENIED.